A. J. CECIL, Defendant in Error, *v.* PACIFIC RAILROAD COMPANY, Plaintiff in Error.

1. *Corporations — Railroad companies — Damages to stock — Want of fences and cattle-crossings — Pleadings — Allegations, what necessary.* — In a suit against a railroad company for damages to stock, the petition, framed under the statute concerning railroad companies (Wagn. Stat. 310, § 43), averred

that the injury occurred at a point where defendant's road passed through uninclosed prairie lands; that these lands were not fenced, nor the proper cattle-guards erected. But there was no averment or evidence that the animal strayed on the road through defect of cattle-guards or in consequence of the absence of fences, either at the locality of the injury or elsewhere. *Held*, that under such a state of the pleadings and evidence plaintiff would not be entitled to recover. To render the company liable it must appear that the animal injured entered on the road, in consequence of the absence of fences or cattle-guards, at a point on the line of the road which the company was bound to secure in that manner.

## *Error to First District Court.*

*J. N. Litton*, and *Crittenden & Cockrell*, for plaintiff in error.

Under the statute (Wagn. Stat. 310, § 43), it is indispensable that plaintiff allege and prove not only that stock got on where defendant was obliged to fence, but also that the stock did not get on at the public crossing. (Calvert v. Hann. & St. Jo. R.R., 34 Mo. 244; Quick v. Hann. & St. Jo. R.R., 31 Mo. 399; West v. Hann. & St. Jo. R.R., 34 Mo. 177; Dyer v. Pacific R.R., *id.* 129; O. & M. R.R. v. Brown, 23 Ill. 94; O. & M. R.R. v. Taylor, 27 Ill. 207; G. W. R.R. v. Bacon, 30 Ill. 347; G. & C. R.R. v. Sumner, 24 Ill. 631; C., B. & Q. R.R. v. Carter, 20 Ill. 390; O. & M. R.R. v. Meisenheimer, 27 Ill. 30; O. & M. R.R. v. Jones, *id.* 41; *id.* 48; G. W. R.R. v. Hanks, 36 Ill. 281; 1 Redf. Railw. 498-9, § 32.) The company is liable not for failure to fence where the harm was committed, but where the animal got on the track. There was not the slightest evidence as to where the horse got on. The first seen of him he was running up the track from the Fort Scott crossing, and he ran quite a distance. The statute makes the company liable only where the failure to fence occasioned the injury. (C. & N. W. R.R. v. Bennett, 19 Wisc, 145; M. & C. R.R. v. Bell, 37 Ala. 699; I. C. R.R. v. Phelps, 29 Ill. 447.) And it is the point where the stock got on, not where it was killed, that is the test of liability. It is this alone that occasions the accident. (G. W. R.R. v. Morthland, 30 Ill. 451; Morrison v. N. Y. & N. H. R.R., 32 Barb. 568; Shearm. & R. Negl., § 462.)

*H. B. Johnson*, for defendant in error.

Where an injury occurs to domestic animals, at a point of the road not fenced, and not at a road or street-crossing, the company are responsible at all events, and without reference to any question of negligence either on their part or that of the owner of the animals. (Wagn. Stat. 310, § 43; Gorman v. Pacific R.R. Co., 26 Mo. 441; Burton v. North Missouri R.R. Co., 30 Mo. 372; Brown v. Hann. & St. Jo. R.R. Co., 33 Mo. 309; McClure v. Pacific R.R. Co., 35 Mo. 188; Powell v. Hann. & St. Jo. R.R. Co., *id.* 457; 1 Redf. Railw. 478.) It is unimportant whether or not the horse got on the road at a crossing. The evidence showing that he ran some distance, pursued by the train, clearly establishes that he was not killed at a crossing, and that there were no sufficient cattle-guards.

CURRIER, Judge, delivered the opinion of the court.

This suit is brought to recover double damages for alleged injuries to the plaintiff's horse while upon the track of the defendant's railroad, in Warrensburg township, Johnson county. It is founded upon the forty-third section of the act in relation to railroad companies (1 Wagn. Stat. 310, § 43). The statutes cited make it the duty of railroad companies to " erect and maintain good and substantial fences on the sides of their roads, where the same pass through, along, or adjoining inclosed or cultivated fields *or uninclosed prairie lands*, * * and also to construct and maintain cattle-guards " at specified points. It is then provided that, until these conditions are complied with, railroad " corporations shall be liable in double the amount of all damages which shall be done by their agents, engines, or cars, to horses, cattle, mules, or other animals, on said roads, * * *occasioned* by the failure to construct or maintain such fences or cattle-guards." In order to the recovery of double damages under this statute three things at least would seem to be indispensably necessary, namely:

1. Failure on the part of the railroad corporation to provide the required fencing and cattle-guards at the points designated.

2. An injury inflicted by its agents, engines, or cars. 3. That the injury complained of should have been *occasioned* by the absence of the fences or cattle-guards. (Iba v. Hann. & St. Jo. R.R. Co., 45 Mo. 469.) It would seem but little short of an absurdity to found upon the statute in question a claim for double damages where the injury complained of did not result from the absence of the specified fences or cattle-guards; in other words, where the injury was not "occasioned" by the failure of the corporation to discharge the duties imposed upon it by the statute. It has repeatedly been held in other States, under similar statutes, that the railroad company is liable only when the animal injured entered upon the line of the road at a place which the company was bound to fence. (Morrison v. N. Y. &. N. H. R.R. Co., 32 Barb. 568; G. W. R.R. Co. v. Hanks, 30 Ill. 281; Shearm. & R. Negl., 462, and authorities cited; Redf. Railw. 466, § 3.) The fact that the fences were defective is immaterial if the animal injured entered at another place. (G. W. R.R. v. Morthland, 30 Ill. 458; Brooks v. N. Y. & Erie R.R. Co., 13 Barb. 594; Bennett v. C. & N. W. R.R. Co., 19 Wis. 145.) So it has been held that the neglect of a railroad company to build a fence does not exonerate the plaintiff from obligation to take ordinary care for the protection of his animals when the fence, if built, would not have been sufficient to close access to the track. It is considered that if the plaintiff's negligence was the direct and proximate cause of the injury, the defendant should have the benefit of that principle, notwithstanding its neglect, since its care would not have sufficed to prevent the injury from occurring. (Shearm. & R. Negl., § 462.)

In G. W. R.R. Co. v. Hanks, cited above, Judge Lawrence observes: "It is urged that it is not important where it (the animal) got on the track, but where it was killed. On the contrary, the place where it got on is the precise thing to be considered. It was to prevent animals from straying upon the track that the company was required to build the fences. Whether, after once getting upon the track, through the negligence of the company, they wandered to a road-crossing before being struck by the locomotive, is wholly immaterial." The converse of Judge Lawrence's last proposition must be equally true.

The forty-third section of our statute does not require a railroad company to fence at all points of its line, but only against "inclosed and cultivated fields and uninclosed prairie lands." Accordingly the petition in this case avers that the injury complained of occurred at a point where the defendant's road passes through "uninclosed prairie lands;" that these lands were not fenced, and that the defendant had neglected to erect the proper cattle-guards. There is no averment, however, that the animal strayed upon the road through defect of cattle-guards, or in consequence of the absence of fences, either at the locality of the injury or elsewhere. Nor was there any evidence upon either of these points, and the court instructed the jury upon the theory that no such averments or evidence were necessary. The instruction given for the plaintiff told the jury, in effect, that if they found from the evidence that the plaintiff's animal was injured upon defendant's railroad by the engine or cars of the company at a point where there was no fencing, they would find for the plaintiff, and assess his damages according to the rule declared in the instructions. The instruction thus left out of view the questions as to the character of the *locus in quo*, whether "uninclosed prairie land" or not; whether the animal got upon the road at that point, or whether it strayed upon the road at any point where the defendant was bound to fence, or whether it came upon the road at any point in consequence of the absence of either fences or cattle-guards. Under the instruction the jury might have found for the plaintiff, although the animal may have strayed upon the line of the road at a point where the defendant was not bound either to fence or erect cattle-guards, and although the injury may have occurred at a place where the defendant was not required to fence or erect cattle-guards. The statute gives double damages only where the absence of fence or cattle-guards is the occasion of the injury, and at a point where the railroad company is bound to fence or erect cattle-guards.

The defendant's counsel has made various other points, but I do not deem it necessary to consider them. The case was tried throughout upon a false theory, and the judgment must consequently be reversed and the cause remanded. The other judges concur.