LUCKIE v. CHICAGO & ALTON RAILROAD COMPANY, *Appellant.*

1. A Petition under the 43rd Section of the Railroad Law, as amended in 1875, (Sess. Acts, p. 131,) is fatally defective if it fails to allege that the injury for which double damages are asked, was occasioned by the failure of the company to erect and maintain a fence.

2. ———. If the owner of cattle injured on a railroad track, sues for double damages under the 43rd section, he must recover, if at all, under that section. He cannot recover under the 5th section of the damage act, or on a cause of action at common law.

*Appeal from Audrain Circuit Court.*—HON. GILCHRIST POR- TER, Judge.

*McFarlane & Trimble* for appellant.

The petition does not state a cause of action under the 43rd section, railroad law. (Wag. Stat., § 43, p. 310.) *Iba v. Han. & St. Jo. R. R. Co.,* 45 Mo. 469 ; *Wood v. St. L., K. C. & N. R. R. Co.,* 58 Mo. 109 ; *Cecil v. P. R. R. Co.,* 47 Mo. 247 ; *Norton v. Han. & St. Jo. R. R. Co.,* 48 Mo. 387 ; *Mumpower v. Han. & St. Jo. R. R. Co.,* 59 Mo. 246.

*Gordon, Kennon & McIntyre* for respondent.

HENRY, J.—This was an action under the 43rd section of the corporation act, as amended in 1875, (Sess. Acts, p. 131,) to recover double damages for the killing of three steers, the property of plaintiff, by a train of cars running over defendant's road. The petition alleged that the cat-

tle were killed "at a place on the prairie, not fenced, where said steers were killed at a crossing on said railroad; that, under the statute in such case made and provided, plaintiff is entitled to double damages." The jury rendered a verdict against defendant for $100, and on plaintiff's motion, the court entered judgment in his favor for double that amount. A motion for a new trial was overruled, and defendant filed its motion in arrest of judgment, and one of the grounds of that motion was, that the petition did not state facts sufficient to constitute a cause of action. This motion the court overruled, and from the judgment defendant appealed. Section 43, as amended, requires the railroad company to erect and maintain good and substantial fences on the sides of the road where it passes through uninclosed lands, and, until made, makes the company liable for double the amount of all damages that may be done by its agents, engines or cars, to horses, cattle, &c., occasioned by the failure to construct or maintain such fence. The petition did not allege that the injury to the cattle was occasioned by the failure of the company to erect or maintain a fence, and the omission of this allegation was fatal to the petition, *Cecil v. Pac. R. R. Co.*, 47 Mo. 246. Having sued under the 43rd section, plaintiff must recover, if at all, under that section. He cannot recover under the 5th section of the damage act, or on a cause of action at common law, on a petition based upon the 43rd section. He must lie in the bed he makes for himself. *Wood v. St. L., K. C. & N. R. R. Co.*, 58 Mo. 109; *Cary v. St. L., K. C. & N. R. R. Co.*, 60 Mo. 209, and *Edwards v. H. & St. Joe R. R. Co.*, 66 Mo. 567. The judgment is reversed. All concur.

REVERSED.