KEY v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

Justices' Courts: PLEADING. On the authority of *Razor v. The St. Louis, Iron Mountain & Southern Ry. Co., ante,* p. 471, the statement filed in this case (an action under the 43rd section of the railroad law) before a justice of the peace, is *Held* sufficient.

*Appeal from Bollinger Circuit Court.*—HON. J. B. ROBINSON, Judge.

AFFIRMED.

The petition was as follows: Plaintiff states that defendant is a corporation, duly organized, etc., and is the owner of that certain railroad which passes through the township of Lorance, in the county and State aforesaid, known as the St. Louis, Iron Mountain & Southern Railroad. Plaintiff states that defendant negligently failed to construct and maintain lawful fences on the side of its said railroad, where the same passes through, along or adjoining inclosed or cultivated fields, or uninclosed lands, with open-

ings and gates therein, at a point thereon between mile posts numbered 135 and 136 in said township, which was not a public crossing, nor the street of any village or town, nor used by defendant for depot purposes or switch; and plaintiff states that defendant negligently failed to construct and maintain cattle-guards thereat sufficient to prevent horses, cattle, mules and all other animals from getting upon said railroad. Plaintiff states that by reason of defendant neglecting and failing to construct fences along its said railroad at the places aforesaid, on or about the 15th day of September, 1877, his mule strayed upon said railroad at the point there, as aforesaid, where the same was not fenced, as aforesaid, and was run over and killed by defendant's locomotive and cars operated on said railroad by its agents, servants and employes. Plaintiff states that said mule was worth the sum of $60; wherefore plaintiff prays judgment, etc.

*Smith & Krauthoff* with *W. R. Donaldson* for appellant.

*Cahoon & Whybark* for respondent.

NORTON, J.—This suit was instituted before a justice of the peace to recover damages for stock killed on defendant's road by reason of its failure to fence along the sides of its track. As the bill of exceptions contains neither motion for new trial nor in arrest, the only question in the case is, whether the statement filed before the justice sets forth a cause of action. The statement in this case is more specific than the one which we held to be sufficient in the case of *Razor v. The St. Louis, Iron Mountain & Southern Ry. Co., ante,* p. 471, and as no error appears in the record proper, for the reasons given in the above case the judgment will be affirmed. All concur.