SLOAN v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**Railroads:** DOUBLE DAMAGES FOR KILLING CATTLE: PLEADING. To authorize a judgment against a railroad company for double the value of an animal killed on its track, the petition must aver, either directly or inferentially, that the killing was occasioned by the failure of the company to erect and maintain fences as required by section 809, Revised Statutes 1879.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Portis & Andrews* for appellant.

*N. J. Thompson* for respondent.

HOUGH, J.—This was an action originally instituted before a justice of the peace under section 809 of the Revised Statutes, to recover double the value of a cow alleged to have been killed by the engine and cars of the defendant. The plaintiff recovered judgment before the justice and in the circuit court, and the defendant has appealed to this court. The complaint filed with the justice, and on which the cause was tried in the circuit court, is as follows: "Plaintiff states that defendant is a corporation, running and operating a railroad through Pleasant Hill township, Cass county, Missouri, and that said defendant, while operating their road, by their agents and servants running their engines, trains and cars over the same, did so carelessly and negligently run and operate the same by their agents and employes as aforesaid, so as to run the same against and over one cow, the property of this plaintiff, on the — day of April, 1877, in Pleasant Hill township, Cass county, Missouri, and thereby killed the same, to plaintiff's damage in the sum of $50; and plaintiff states that said cow was not killed at any public crossing, but was killed at a place where said railroad was not fenced, as required by law. Wherefore plaintiff asks judgment for the sum of $50, and that the same be doubled, and that he recover of said defendant the sum of $100, and interest and costs."

The foregoing statement, it will be seen, contains no averment that the injury complained of was occasioned by the failure of the defendant to erect and maintain fences as required by law, nor does it contain any equivalent

averment or any averment from which it might be inferred that the injury was occasioned by such failure. On the contrary, it is expressly alleged that the injury was occasioned by the negligence and carelessness of defendant's agents and servants in running its engines and cars, although it is also stated that the injury occurred at a place where there were no fences, as required by law. It has been several times decided by this court, that in a suit under the 43rd section of the railroad corporation law, (now section 809 of the Revised Statutes,) the complaint must allege that the injury complained of was occasioned by the failure of the company to erect and maintain fences as therein required, and that a complaint which contains no such averment, is fatally defective, and will not support a judgment. *Luckie v. Chicago & Alton R. R. Co.,* 67 Mo. 245; *Cunningham v. Hannibal & St. Joseph R. R. Co.,* 70 Mo. 202. The judgment of the circuit court must, therefore, be reversed. The other judges concur.