BATES v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

Railroads: DOUBLE DAMAGES FOR KILLING STOCK: PLEADING. The petition in an action brought under the 43rd section of the railroad law for the killing of stock, must show that the killing occurred at a place where the company was required by law to fence its track, and was occasioned by failure of the company to comply with the law. A mere statement that "the railroad was not fenced and there was no crossing" at the place, is insufficient.

*Appeal from Butler Circuit Court.* — HON. R. P. OWEN, Judge.

REVERSED.

*W. R. Donaldson* and *Smith & Krauthoff* for appellant.

*Davison* for respondent.

SHERWOOD, C. J.—Action instituted before a justice of the peace in Butler county, to recover double damages for the alleged killing, by the defendant, of certain hogs of the plaintiff. Statement as follows: "Plaintiff states that defendant is a corporation under the laws of the State of Missouri; that on the 15th day of December, 1878, in Poplar Bluff township, in Butler county, and where its said railroad was not fenced, and where there was no crossing

on said railroad, the defendant, by its agents and servants, while running its locomotive and train of cars on its said railroad, did, then and there, run over twelve head of hogs, the property of plaintiff, and of the value of $75, and thereby killed them; that defendant had failed and neglected to erect or maintain good or sufficient fences on the sides of its road at the point where said hogs got upon the track of said road and were killed; and that by reason of the killing of said hogs and by virtue of the 43rd section of chapter 63, of the General Statutes of Missouri, (with its amendments,) judgment is prayed for $150, double the value of said hogs, together with costs."

There was error in admitting any evidence on the part of plaintiff, because the foregoing statement fails to state a cause of action. The mere fact that the hogs were killed where the "railroad was not fenced, and where there was no crossing on said railroad," shows no liability on the part of defendant; for from aught that appears, the killing of the hogs may not have occurred at a point where the defendant was required by law to fence its road, nor does it appear that such injury was occasioned by the failure of the company to comply with the law requiring the erection of fences. *Davis v. M., K. & T. R'y Co.*, 65 Mo. 441; *Cecil v. Pacific R. R. Co.*, 47 Mo. 246; *Luckie v. C. & A. R. R. Co.*, 67 Mo. 245; *Cunningham v. H. & St. Jo. R. R. Co.*, 70 Mo. 202; *Rowland v. Railroad Co.*, 73 Mo. 619. The judgment will be reversed. All concur.