BELCHER v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**Railroad**: KILLING LIVE STOCK: ACTION FOR DOUBLE DAMAGES: PLEADING. In an action against a railroad company to recover double damages for the killing of live stock, the statement filed with the justice of the peace alleged that the animals "strayed upon the track of said railroad on or near a farm crossing, at a point in the line of said railroad where said railroad was not fenced and where the crossing and cattle-guards were not made as the law requires; and that defendant so carelessly and negligently ran and managed its cars and locomotive that they ran against and over" the animals, killing them. *Held*, that, as the case was begun before a justice of the peace, these allegations were sufficient to support a recovery.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

T. J. Portis and E. A. Andrews for appellant.

Foster P. Wright and N. J. Thompson for respondent.

NORTON, J.—This is an action commenced before a justice of the peace to recover double damages for killing one cow and two sheep by defendant. Plaintiff had judgment before the justice, and, on defendant's appeal to the circuit court of Cass county, again obtained judgment, from which judgment defendant prosecutes an appeal to this court and assigns for error the action of the court in overruling defendant's objection to the introduction of any evidence because of the insufficiency of plaintiff's statement.

The statement, after alleging that defendant was a corporation, etc., contained the following averments, viz: "That plaintiff was the owner of one cow of the value of $40, and of two sheep of the value of $7, which cow and sheep, without the fault of plaintiff, strayed upon the track of said railroad, on or near a farm crossing, at a point on the line of said railroad in Big Creek township, Cass county, where said road was not fenced, and where the crossing and cattle-guards were not made as the law requires; that defendant, by its agents and servants, so carelessly and negligently ran and managed its said cars and locomotive, that they ran against and over said cow and sheep, killing the same, to plaintiff's damage in the sum of $47, wherefore plaintiff asks that the sum of $47 be doubled, and that he have judgment for $94, with interest from the time of said killing."

The case of *Edwards v. K. C., St. Jo. & C. B. R. R. Co.*, 74 Mo. 117, is decisive of the question here presented.

In that case a statement similar to the one in this case was held to be sufficient; and the case of *Sloan v. Mo. Pac. R'y Co.*, 74 Mo. 47, to which we have been cited by counsel as sustaining his objection to the sufficiency of the statement, was distinguished from the case then under consideration. We have held that if in a statement filed before a justice of the peace, the nature of the transaction and the particulars of the demand appear so as to apprise the opposing party what he is called upon to defend, and specific enough to bar another action, that it is sufficient. *Iba v. H. & St. Jo. R. R. Co.*, 45 Mo. 469; *Norton v. H. & St. Jo. R. R. Co.*, 48 Mo. 388; *Razor v. R. R. Co.*, 73 Mo. 471; *Key v. R. R. Co.*, 73 Mo. 475; *Meyer v. McCabe*, 73 Mo. 236. The statement in this case comes up fully to these requirements. Judgment affirmed, in which all concur.*

*In the case of *Cobb v. The Missouri Pacific Railway Company*, submitted at the same term, a judgment for the plaintiff was affirmed on the same grounds.