PERRIQUEZ v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroads**: KILLING CATTLE: COMPLAINT. In an action under the 43rd section of the Railroad Law, (R. S. 1879, § 809,) the complaint should negative any reasonable inference that the injury complained of may have occurred at a point where the law does not impose any obligation on the company to fence; but it need go no further. Thus it need not be expressly averred that the place where the animal entered on the road was not within the limits of an incorporated town or city; an averment that it was at a point where the road runs along or adjoining uninclosed fields, will be sufficient.

2. ——: ——: ——. The complaint in such an action alleged that plaintiff's cow "was crippled and got on the railroad at a point where the same runs along or adjoining uninclosed fields and lands, and where the same was not fenced with a good and lawful fence, and not at the crossing of any public highway." *Held*, that this sufficiently showed that the injury resulted from the company's failure to build a fence.

*Appeal from Osage Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*T. J. Portis* and *Smith & Krauthoff* for appellant.

*Belch & Silver* for respondent.

PHILIPS, C.—Action for double damages for killing cow named "Doodle," instituted before a justice of the peace in Osage county, upon the following statement:

"Plaintiff for his cause of action against the defendant, alleges that the defendant is and was at the time hereinafter referred to, a corporation duly organized under and by virtue of the laws of the State of Missouri under the corporate name of the Missouri Pacific Railway Company. Plaintiff further states that said defendant, by its agents, officers and servants, in conducting, managing and running a locomotive engine and train of cars on its said road, did, on the 6th day of May, 1879, in Linn township,

Osage county, State of Missouri, run over and cripple a certain cow belonging to this plaintiff, thereby making said cow totally and entirely valueless to plaintiff, which said cow was about four or five years old, of a red and white color, and known by the name "Doodle," to the plaintiff's damage of the sum of $20 ; that said cow was crippled and got on the railroad of said defendant at a point where the same runs along or adjoining uninclosed fields and lands, and where the same was not fenced with a good and lawful fence, and not at the crossing of any public highway. Wherefore plaintiff says an action has accrued to him and asks judgment in double damages so sustained, to-wit : the sum of $40, and costs."

A motion to dismiss upon the ground of the insufficiency of this statement having been overruled, after appeal to the circuit court, the defendant excepted.   Upon the trial in the circuit court there was a verdict for the plaintiff, the amount of which was on motion of plaintiff doubled, and judgment rendered accordingly, and the defendant's motions for a new trial and in arrest of judgment overruled, to all of which rulings the defendant excepted, and thereupon brings this case here by appeal.

The single question presented by this record is as to the sufficiency of the statement.   It is objected that it does not allege that the point at which " Doodle " is averred to have entered upon the railroad, was not within the limits of an incorporated city or town, nor that the killing was in anywise the result of or occasioned by any failure on defendant's part to construct a fence.

It is not essential to the validity of a statement under the 43rd section in question, that it should be affirmatively averred, that the point of entry on the road was not within the limits of an incorporated town or city.   What this court has held touching this issue is, that there must so much appear to fix the liability as to negative a reasonable inference that the injury may have occurred at a point where the law does not impose any obliga-

1. RAILROADS : killing stock: complaint.

tion on the defendant to fence. In other words, if from the statement it is as reasonably inferable that the point where the animal entered on the road may have been where the railroad was under no duty to fence, as where the law requires it to fence, the statement is bad. This is what was held in *Rowland v. R. R. Co.*, 73 Mo. 619; *Sloan v. Mo. Pac. R'y Co.* 74 Mo. 47, and *Bates v. St. Louis, I. M. & S. R'y Co.*, 74 Mo. 60. But the statement under review here does negative the presumption that it might have occurred in an incorporated town or city; for it is distinctly averred "that said cow was crippled and got on the railroad of defendant at a point where the same runs along or adjoining uninclosed fields and lands."

Nor do we think the objection well taken that it does not sufficiently appear that the injury resulted from defendant's failure to construct a fence. It is in effect averred that the cow got on the railroad and was crippled at a point where defendant had neglected its duty to fence. This allegation is quite as full as that of *Edwards v. Kansas City, St. Jo. & C. B. R. R. Co.*, 74 Mo. 117, in which HOUGH, J., observes: "There is no express allegation that the cow got upon the track in consequence of the failure of the defendant to erect or maintain fences and cattle-guards as required by the statute; but we think the averment quoted, if not equivalent to such an allegation, will at least warrant an inference that the cow got upon the track by reason of the failure to fence. See also *Kronski v. Mo. Pac. R'y Co.*, 77 Mo. 362; *Farrell v. Union Trust Co.*, 77 Mo. 475.

The judgment of the circuit court is, therefore, affirmed. All concur.