HUDGENS v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

**Railroads**: KILLING LIVE STOCK : PLEADING.  A petition or statement in an action to recover double damages for the killing of live stock on a railroad track is insufficient, unless it alleges that the stock came upon the track or was killed in consequence of the failure of the company to erect and maintain lawful fences or cattle-guards.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

*John E. Wait* for respondent.

EWING, C.—This was an action commenced before a justice of the peace by respondent against appellant upon the following statement and petition :

Plaintiff states that the defendants are a corporation     *     * ; and are the owners of the track, cars and engines known as the Hannibal & St. Joseph Railroad; that said railroad passes through said township of Mooresville as aforesaid; that on the line of said railroad and in the township of Mooresville aforesaid at a point where said railroad was not inclosed with a lawful fence, and where said railroad passes along inclosed fields on both sides, the

defendant did, on or about the 15th day of May, 1879, by its servants, engine and cars, strike and kill one bay mare of the value of $70, the property of the plaintiff. Plaintiff asks judgment for $140 and costs, being double damages to said plaintiff as provided for by the statutes of the State of Missouri.

Upon the trial before the justice there was judgment for the respondent; appeal to the circuit court, where, upon a trial *de novo*, there was again a verdict and judgment for respondent, from which the railroad company appealed to this court.

In the circuit court the appellant objected to the introduction of any evidence on the part of the respondent, because the statement or petition did not state facts sufficient to constitute a cause of action. By reference to former decisions of this court, it will be found that this question has been repeatedly passed upon. And it has there been held that a petition or statement is not sufficient unless it alleges that the animal got on the railroad track or was killed in consequence of the failure of the company to erect and maintain lawful fences or cattle-guards. This petition does not contain these allegations, and is, therefore, defective. The circuit court erred in overruling the objection to the evidence. *Luckie v. C. & A. R. R. Co.*, 67 Mo. 245; *Cunningham v. Hann. & St. Jo. R. R. Co.*, 70 Mo. 202; *Sloan v. Mo. Pac. R'y Co.*, 74 Mo. 48; *Bates v. St. Louis, I. M. & S. R. R. Co.*, 74 Mo. 60; *Schulte v. St. Louis, I. M. & S. R. R. Co.*, 76 Mo. 324.

The judgment is reversed and the cause remanded. R. S., § 3060; *King v. Chicago, R. I. & Pac. R'y Co.*, ante, p. 328. All concurring.

In the case of *Clark v. Hann. & St. Jo. R. R. Co.*, the same ruling was made as in the foregoing case, EWING, C., delivering the opinion.