JACKSON v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Reviewable Errors.** Where no exception to the action of the court in overruling a motion for new trial is saved in the bill of exceptions, this court is limited to an examination of such errors as may appear in the record proper.

2. **Railroads :** KILLING LIVE STOCK : SUFFICIENCY OF COMPLAINT. In an action against a railroad company to recover for the killing of plaintiff's mare, the complaint alleged that the killing occurred where the railroad "was not fenced, and where there was no crossing on said railroad,   *   *   that defendant had failed and neglected to maintain good and sufficient fences on the side of its

Jackson v. St. Louis, Iron Mountain & Southern Railway Company.

road where said mare got on the track and was killed; and that by reason of the killing of said mare and by virtue of the 809th section of the Revised Statutes," judgment for double damages was prayed. *Held*, that these allegations and the reference to the statute sufficiently implied that it was defendant's duty to erect and maintain fences at the place, and that the mare got on the track in consequence of defendant's failure to do this, and that the complaint was good after verdict.

3. **Pleading Legal Conclusions.** An issue raised on the statement of a legal conclusion which presents the real point in controversy, will be regarded as sufficient after verdict.

*Appeal from Butler Circuit Court.*—Hon. R. P. Owen, Judge.

Affirmed.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

*L. M. Davidson* for respondent.

Hough, C. J.—No exception to the action of the court in overruling the motion for a new trial was saved in the bill of exceptions, and we are, therefore, limited to an examination of alleged errors in the record proper. *Wilson v. Haxby*, 76 Mo. 345; *State ex rel. Estes v. Gaither*, 77 Mo. 304.

1. REVIEWABLE ER- RORS.

The only question arising upon the record proper is as to the sufficiency, after verdict, of the following statement:

2. RAILROADS: kill- ing live stock: suffi- ciency of complaint " Plaintiff states defendant is a corporation under the laws of the State of Missouri; that on the 20th day of March, 1880, in Poplar Bluff township in Butler county and state aforesaid, and where its said railroad was not fenced, and where there was no crossing on said railroad, the defendant, by its agents and servants, while running its locomotive and train of cars on its said railroad, did then and there run over one mare, the property of plaintiff, and of the value of $60, and thereby killed her; that defendant had failed and neglected to erect and maintain good or sufficient fences on the sides of its said railroad, where said mare got on the track and was

killed; that by reason of the killing of said mare as afore-said, and by virtue of the 809th section of the Revised Statutes of the State of Missouri, judgment is prayed for $120, being double the value of said mare killed as aforesaid, together with costs."

In the case of *Sloan v. Missouri Pacific R'y Co.*, 74 Mo. 47, the statement was held insufficient because it contained no averment that the injury complained of was occasioned by the failure of the defendant to erect and maintain fences as required by law, nor any equivalent averment nor any averment from which it might be inferred that the injury was occasioned by such failure. In *Brown v. H. & St. Jo. R. R. Co.*, 75 Mo. 427, the statement alleged that: "The killing of the animal was done in the county of Clinton, Lafayette township and State of Missouri; that defendant's fence was down and in such condition as to allow animals to come and go inside of the inclosure at pleasure, contrary to the statutes of Missouri, and by reason of such negligence of defendant, and without any fault of plaintiff, the said engine did strike and kill plaintiff's steer, for which he claims double damages," etc. This statement was held to be sufficient after verdict on the authority of *Edwards v. Kansas City, St. Jo. & C. B. R. R. Co.*, 74 Mo. 117, and the decision in this case was affirmed in *Nance v. St. Louis, I. M. & S. R'y Co.*, 79 Mo. 196. In *Belcher v. Missouri Pacific R'y Co.* 75 Mo. 515, the sufficiency of the following statement was questioned in this court: "That plaintiff was the owner of one cow, of the value of $40, and of two sheep, of the value of $7, which cow and sheep, without fault of plaintiff, strayed upon the track of said railroad on or near a farm crossing at a point on the line of said railroad in Big Creek township, Cass county, where said road was not fenced, and where the crossing and cattle-guards were not made as the law requires; that defendant, by its agents and servants, so carelessly and negligently ran and managed its said cars and locomotive that they ran against and over said cow

and sheep," etc.   This statement was also held sufficient on the authority of *Edwards v. Railroad Co., supra.*

The statement now under consideration is in all respects a fuller and better statement than either of the two above set forth and held by this court to be sufficient, and unless we depart ¦from the rule applied in those cases we cannot hold the statement before us to be insufficient.   We, therefore, hold it to be good.

The statement that the defendant failed and neglected to erect or maintain good or sufficient fences where the mare got on the track, and the reference to section 809 of the Revised Statutes, imply that it was the duty of the defendant to erect and maintain fences at said place, and that the mare got on the track in consequence of such failure.

Conceding that the implication stated is a conclusion of law, yet an issue raised on the statement of a legal conclusion which presents the real point in controversy will be regarded as sufficient after verdict.   Bliss on Code Plead., § 334.

3. PLEADING LEGAL CONCLUSIONS

In *Asher v. St. Louis, I. M. & S. R'y Co.*, 79 Mo. 432, the statement was held to be defective because it failed to allege that the animals got upon defendant's road at a place where the company was by law required to fence, and there was no allegation, as in the present case, from which that fact could be inferred.   In *Bates v. St. Louis, I. M. & S. R'y Co.*, 74 Mo. 60, the statement was substantially like that now before us, but the court did not specifically pass upon the clause of the statement on which our judgment in this case is based.

The judgment of the circuit court will be affirmed. All the judges concur.