NICHOLSON v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

**Railroads:** DOUBLE DAMAGES; STATEMENT. A statement in an action brought against a railroad before a justice of the peace for double damages for killing stock, is, after verdict, sufficient in that regard, if it avers that the stock strayed upon the railroad track of the defendant at a point   *   *   where said track was not inclosed by a good and sufficient fence, as the law directs.

*Appeal from Clay Circuit Court.*—HON. G. W. DUNN, Judge.

AFFIRMED.

*George. W. Easley* for appellant.

The statement did not show that the land was of the character required to be fenced by Revised Statutes 1879, section 809; nor that the animal was killed in consequence of the want of a fence, therefore the defendant's instruction should have been given, and the motions for a new trial and in arrest of judgment sustained. *Hudgens v. Railroad Co.,* 79 Mo. 418; *Cunningham v. Railroad Co.,* 70 Mo. 202, and cases cited.

*W. J. Courtney* and *Simrall & Sandusky* for respondent.

PHILIPS, C.—This action was begun before a justice of the peace in Clay county, based on the following statement:

Plaintiff states that the Hannibal & St. Joseph Railroad Company is a corporation, made so by the laws of the State of Missouri, and is, therefore, liable to sue and be sued in the courts of said State of Missouri. Plaintiff further says that defendant owns and operates a railroad running through Kearney township, Clay county, Mo. Plaintiff also, says, that he was the owner of a brood sow of the value of $20, and that said brood sow strayed upon the railroad track of defendant at a point in Kearney township, Clay county, Missouri, where said railroad track was not inclosed by a good and sufficient fence, as the law directs; said brood sow of the above value was run over and killed by the locomotive and cars, on or about the 28th day of May, 1881, the said locomotive and cars being operated by the employes of defendants.

Plaintiff therefore asks a judgment for damages for double the amount of the value of said brood sow, said amount being $40 and his cost.

Plaintiff recovered judgment in the justice's court, from which the defendant appealed to the circuit court. On trial in the circuit court the evidence was as follows:

James Thompson being introduced on the part of the plaintiff testified as follows:

I knew the brood sow sued for in this cause. She was the property of the plaintiff and was reasonably worth the sum of $20. She was killed by defendant's train on the 28th day of May, 1881, at a point on its track in Kearney township, in Clay county, Missouri. At the point where she was killed and where she got upon defendant's track, the fence was down, and had been for some time. She was killed not on the crossing of a public or other highway, but where the road passed through enclosed pastures. The railroad had been fenced, but at the time of the killing and a long time before the fence at this point had been down, and the hog got on the track of defendant where said fence was down. I saw the hog killed as above stated.

Two other witnesses, introduced by plaintiff, testified to the same effect. This was all the evidence introduced by the plaintiff.

At the conclusion of the evidence the defendant asked the following instruction: " Under the statement and evidence the plaintiff is not entitled to recover." Which instruction the court refused, and found the issues for plaintiff and rendered judgment accordingly for double the value of the sow. From this judgment the defendant prosecutes this appeal.

The error relied upon by appellant for reversal of this judgment is the insufficiency of the statement. It is urged against this statement, that it does not allege that the land, through which the road ran, and where the injury occurred, was of the character required by the statute to be fenced; nor that the animal was killed in consequence of the want of such fence. Under the recent decisions of this court this statement is sufficient after verdict. *Belcher v. Railroad Co.*, 75 Mo. 515; *Jackson v. Railroad Co.*, 80 Mo. 147, and authorities therein reviewed. The case of *Hudgens v. Railroad Co.*, 79 Mo. 418, relied on by appellant, does not sustain the objection made to this petition. It did not directly

or inferentially appear from the statement in that case that the point at which the animal injured entered upon the railroad track was not fenced. Whereas the statement in question distinctly avers that the "brood sow strayed upon the railroad track of defendant at a point in Kearney township, Clay county, Missouri, where said railroad track was not inclosed by a good and sufficient fence, as the law directs." The averment that the land was not there fenced "as the law directs," is after verdict to be regarded as equivalent to the averment that the road at the given point ran through the character of land which the statute required to be fenced. *Jackson v. Railroad Co., supra.*

Finding no error in the record, the judgment of the circuit court is affirmed. All concur, except NORTON and SHERWOOD, JJ., absent.