MORROW v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**Railroads**: DOUBLE DAMAGES: STATEMENT. A statement in an action before a justice of the peace, against a railroad for double damages for killing stock, must allege that the stock entered upon defendant's road at a point where it was required to fence, or facts must be stated from which this may be legitimately inferred. Simply alleging that the hogs strayed upon the track of defendant's road at the times and places stated, where the road was not fenced with a good and sufficient fence, and not at any public or private crossing, is insufficient.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

The statement in this case cannot be held sufficient under the most liberal practice. *Davis v. Railroad Co.*, 65 Mo. 44; *Johnson v. Railroad Co.*, 76 Mo. 553. Nor is there any allegation from which it may be inferred, that the alleged killings were occasioned in any wise by the failure to fence. *Johnson v. Railroad Co., supra,*; *Sloan v. Railroad Co.*, 74 Mo. 47; *Nance v. Railroad Co.*, 79 Mo. 196; *Dryden v. Smith*, 79 Mo. 525.

*F. P. Wright*, for respondent.

The statement is sufficient. *Farrell v. Union Trust Co.*, 77 Mo. 475; *Terry v. Railroad Co.*, 77 Mo. 254.

PHILIPS, C.—This is an action to recover double damages for the killing of hogs by defendant's train of cars. Judgment in justice's court for plaintiff. On appeal to the circuit court the plaintiff filed the following amended statement on which the cause was tried:

" Plaintiff, for an amended statement herein, states

that the defendant is the owner and operator of a certain railroad leading from the city of St. Louis in the State of Missouri, and passing westward through Cass county in said State, and of certain cars and locomotives running thereon. That the plaintiff was the owner of certain hogs which strayed upon the track of said railroad without the knowledge or fault of plaintiff, in Big Creek township, Cass county, Missouri, and was of the value as follows, and killed at the following times : That on the 22d day of March, 1880, the defendant ran its engine and train of cars against and over one brood sow of the value of $15 ; that on the 10th day of March of the same year, the defendant ran its engine and train of cars against and over one hog of the value of $6; that on the 14th day of March and in the same year the defendant ran its engine and train of cars against and over three of plaintiff's hogs of the value of $12 ; and at another time, and on the same day, the defendant ran its engines and train of cars over one of plaintiff's hogs of the value of $10, and at the same time the defendant ran its engine and train of cars against and over one brood sow of the value of $16 ; that on the — day of August, 1879, the defendant ran its engine and train of cars against and over two of plaintiff's brood sows of the value of $30. Plaintiff says that all of said hogs strayed upon the track of defendant's road at the times and places above stated in Big Creek township, Cass county, where the said road was not fenced with a good and sufficient fence, and not on any public or private crossing of said road and without the fault of plaintiff, were killed at the times and places aforesaid, and plaintiff states that by reason of said killing of said hogs as aforesaid in the various sums aforesaid he is damaged in the sum of $85, and asks that it be doubled, and that he have judgment for the sum of $170—double the value of said hogs—with interest and costs."

The defendant made motion to dismiss the action for various reasons, and objected to the introduction of any evidence under the statement on account of its insufficiency.

All of which the court overruled. The plaintiff having again prevailed in the action, the defendant prosecutes this appeal.

The principal question for determination on this record is, does the statement sufficiently present a cause of action under section 809 of the Revised Statutes. It has been repeatedly held that to constitute a cause of action under this section it must affirmatively appear from the statement or petition that the animal got upon the railroad track at a point where the company had neglected to erect and maintain a substantial fence, as. by said section required, and that the alleged injury to such animal resulted therefrom. *Cecil v. P. R. R. Co.*, 47 Mo. 249; *Davis v. Railroad Co.*, 65 Mo. 44; *Johnson v. Railroad Co.*, 76 Mo. 553. The statement in this case simply avers that the hogs " strayed upon the track of defendant's road at the times and places above stated, etc., where the road was not fenced with a good and sufficient fence, and not at any public or private crossing," etc. But it is nowhere averred that the point where they so entered was where the defendant was required. to erect such a fence, nor is any fact averred from which such inference might legitimately be drawn. It is not averred that it was at a point where by law defendent was required to build a fence, or that he sues under section 809. The point where the hogs got upon the track may have been inside the corporate limits of a town where streets and alleys were laid off and in use, and where no obligation is imposed, by law, on defendant to fence, and yet this statement be true in fact. Nor is there any equivalent fact stated by which this inference might be negatived.

None of the many cases recently approved by this court have gone to the extent of upholding this statement. *Sloan v. Railroad Co.*, 74 Mo. 47; *Nance v. Railroad Co.*, 79 Mo. 196; *Dryden v. Smith*, 79 Mo. 525; *Jackson v. Railroad Co.*, 80 Mo. 147.

The judgment of the circuit court must, therefore, be

reversed and the cause remanded with leave to plaintiff to amend. All concur, except NORTON and SHERWOOD, JJ., absent.