BROOKS MORELAND, Respondent, *v.* THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### March 23, 1885.

1. DAMAGES FOR KILLING STOCK—SUIT BEFORE JUSTICE OF THE PEACE—SUFFICIENCY OF STATEMENT—CASE ADJUDGED.—In an action instituted in a justice's court, under the double-liability provision, for killing stock by a railroad company, the "statement" was substantially as follows: "The plaintiff was the owner of one cow and one hog. The cow was of the value of fifty dollars, and the hog was of the value of ten dollars. The said hog strayed upon the track of the defendant's road, in Prairie township, in Jackson county, in the state of Missouri, on the 10th day of December, 1880, without the fault of plaintiff, and was killed by defendant's engines and trains of cars, in said Prairie township. Said hog was not killed on any public or private crossing, but at a point on the line of said road where the same was not fenced with a good and sufficient fence. And the said cow strayed upon the track of defendant's road, without the fault of plaintiff, at a point in said Prairie township where said road was not fenced with a good and sufficient fence, and was killed by defendant's engines and trains of cars, on the tenth day of August, 1881, at a point on the same where it was not fenced with a good and sufficient fence; and said cow was not killed on any private or public crossing of said road. Plaintiff says, by reason of defendant's failure to fence the road, said hog and cow were killed, and by said killing of said hog and cow he is damaged in the sum of sixty dollars. Wherefore, he asks that said sum of sixty dollars be doubled, and that he have judgment for one hundred and twenty dollars as provided by law in such cases." Held insufficient upon the ground that it contains no allegations from which it might not be "as reasonably inferred that the point where the animal entered on the road may have been where the railroad company was under no duty to fence, as where the law requires it to fence," and therefore the statement is bad. Following *Perriquez* v. *R. R.*, 78 Mo. 91.

APPEAL from Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Reversed.*

The facts sufficiently appear in the opinion of the court.

ROBERT ALLEN and GEORGE N. BOWLES for the appellant.

I. The court erred in overruling. defendant's objection to the introduction of any evidence under the statement upon which plaintiff went to trial. It cannot be inferred from any averment in the statement, that the defendant was bound to fence its road, at the point where the animals entered upon its track.—*Perriquez* v. *R. R. Co.*, 78 Mo. 91; *Morrow* v. *Pacific Railway Co.*, April term, 1883 (not yet reported).

II. The motion in arrest of judgment should have been sustained. The statement does not state facts sufficient to constitute a cause of action, and upon the record the judgment is erroneous.—*Bates* v. *Railway Co.*, 74 Mo. 60; *Cunningham* v. *Railway Co.*, 70 Mo. 202; *Morrow* v. *Railway Co.* (not yet reported).

FOSTER P. WRIGHT, for the respondent.

I. The statement in this case comes fully up to the statement in the case of *Moore* v. *Wabash R. R. Co.*, decided at the last April term, where it was held that "a statement alleging the defendant killed plaintiff's cow at a point on its road where it was wholly unfenced, and by *reason of the failure* of defendant to construct and maintain said fences, his cow *strayed* upon the road and was *killed*, is sufficient."

II. The statement in this case is entirely different from *Morrow* v. *Pacific R. R. Co.*, as in this case it is specifically alleged that the killing occurred by reason of defendant's failure to fence, and the averment was clearly sustained by the evidence. At any rate it was good after the verdict, and more especially as every essential fact was proved at the trial.

Opinion by PHILIPS, P. J.

This is an action designed to be based on sect. 809, Revised Statutes, commonly known as the double-liability provision, for killing a cow and hog on defendant's railroad track. The action was instituted in a justice's court. The statement filed in the case, omitting its formal parts, as to the incorporation of defendant, etc., is substantially as follows:

The plaintiff was the owner of one cow and one hog. The cow was of the value of fifty dollars, and the hog was of the value of ten dollars. The said hog strayed upon the track of the defendant's road, in Prairie township, in Jackson county, in the state of Missouri, on the 10th day of December, 1880, without the fault of plaintiff, and was killed by defendant's engines and trains of cars in said Prairie township. That said hog was not killed on any public or private crossing, but at a point on the line of said road where the same was not fenced with a good and sufficient fence. And the said cow strayed upon the track of defendant's road, without the fault of plaintiff, at a point in said Prairie township where said road was not fenced with a good and sufficient fence, and was killed by defendant's engines and trains of cars, on the 10th day of August, 1881, at a point on the same where it was not fenced with a good and sufficient fence; and said cow was not killed on any private or public crossing of said road.

Plaintiff says, by reason of defendant's failure to fence the road, said hog and cow were killed, and by said killing of said hog and cow he is damaged in the sum of sixty dollars.

Wherefore, he asks that said sum of sixty dollars be doubled, and that he have judgment for one hundred and twenty dollars, as provided by law in such cases.

Plaintiff recovered judgment in the justice's court for double the assessed value of the hog and cow; from which judgment the defendant duly prosecuted its appeal to the circuit court of Jackson county, where on a trial, *de novo*, before a jury, the plaintiff again prevailed. The verdict of the jury was as follows: "We, the jury, find for the plaintiff and assess his damage at forty-five dollars, as the value of the cow killed. We, the jury, find no damages for hog."

The court thereupon rendered judgment for plaintiff for double damages, amounting to $90.00. From this judgment defendant prosecutes this appeal.

The defendant throughout the proceedings, both in the justice's and in the circuit court, objected to the sufficiency of the statement, and to the introduction of any evidence by the plaintiff thereunder.

In the view we entertain of this action, we do not deem it necessary to present other questions raised by counsel on the record. The controlling question is: Does the statement sufficiently present a cause of action under said section of the statute? These statements have, so repeatedly of late, been passed upon by the supreme court of this state, and the governing principles, or requisites of such statements, so well defined, that we think there is little difficulty in determining the sufficiency of the statement at bar.

I had occasion in *Perriquez* v. *Railroad* (78 Mo. 91), to consider and pass upon this inquiry, in which the supreme court concurred, approving the following enunciation: "It is not essential to the validity of a statement, that it should be affirmatively averred, that the point of entry on the road was not within the limits of an incorporated town or city. What this court has held touching this issue is that there must so much appear to fix the liability as to negative a reasonable inference that the injury may have occurred at a point where the law does not impose any obligation on the defendant to fence. In other words, if from the statement it is as easily inferable that the point where the animal entered on the road may have been where the railroad was under no duty to fence, as where the law requires it to fence, the statement is bad."

So it will be found in numerous decisions of that court, prior and since, that they have held statements to be sufficient, although there was no distinct averment that the point of injury was not within the limits of an incorporated town or city, where there was any equivalent statement, such as that the road ran along or through inclosed fields, lands, or prairie, etc., from which it might reasonably be inferred that the point was not a town, etc.

But the trouble with the statement under review is, that it contains no allegations from which it might not be "as reasonably inferred that the point where the animal entered on the road may have been where the railroad company was under no duty to fence, as where the law requires it to fence," and, therefore, "the statement is bad."

The averment respecting the cow is, that she entered "at a point in said Prairie township where said road was not fenced with a good and sufficient fence," from which it is quite obvious that the allegation could be true, and yet the point have been within the limits of an incorporated town or city, or at a depot station, where the law imposes no obligation on the defendant to fence. It is not even averred, directly or inferentially, that the defendant was under any obligation to fence at the given point; nor is it stated that the road ran by or through any field, prairie, or anything of a like import. Such a statement has never been held by the supreme court to be sufficient.—*Asher* v. *Railroad*, 79 Mo. 432; *Nance* v. *Railroad*, 79 Mo. 197; *Hudgens* v. *Railroad*, 79 Mo. 419; *Morrow* v. *Railroad*, Supreme Court of Mo. (not yet reported.)

The judgment of the circuit court must, therefore, be reversed, and the cause remanded. All concur.