J. J. McGUIRE, Respondent, v. THE ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 27, 1891.

1.  **Railroads**: KILLING OF STOCK: SUFFICIENCY OF STATEMENT.  To constitute a sufficient cause of action, under Revised Statutes, section 2611, for the killing of stock, it must be stated, directly or inferentially, that the animal killed came upon the railroad at a.

point where the road extended through, along or adjoining, inclosed or cultivated fields or uninclosed lands; but *held* that this appeared inferentially from allegations, that the animal was killed at a place, not within the limits of any town, nor within the limits of any switch or cattle yards, nor at any public or private crossing.

2. **Instructions**: ASSUMPTION OF UNDISPUTED FACTS. The assumption, in an instruction, of a fact which is conceded by the evidence of all the parties, and which appears to have been undisputed, is not erroneous.

*Appeal from the Ripley Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*George H. Benton*, for appellant

(1) Plaintiff's amended petition fails to state facts sufficient to constitute a cause of action, because it neither alleges that the animal came on the track, nor that it was killed at a place where the railroad passes through, along or adjoining inclosed or cultivated fields or uninclosed lands. *Ward v. Railroad*, 91 Mo. 168; *Wood v. Railroad*, 39 Mo. App. 63. (2) The instruction given by the court is fatally defective, because it fails to leave it to the jury to find whether the mare came onto the track and was killed at a point which passes along or adjoining inclosed or cultivated fields, or uninclosed lands, and wholly fails to submit to the jury the necessary jurisdictional facts that the accident occurred in Washington township, Ripley county, Missouri, or anywhere in the state. This it was the duty of the court to do, and its failure so to do is a manifest error that calls for a review of this cause, where the penalty imposed by statute is sought to be recovered. *Vaughn v. Railroad*, 15 Mo. App. 598; *Backenstoe v. Railroad*, 86 Mo. 492; *Palmer v. Railroad*, 21 Mo. App. 437.

*S. M., Chapman,* for respondent.

There is nothing in the objection urged by appellant that the petition does not allege "that the animal came on the track, nor that it was killed, at a place where the railroad passes through, along or adjoining inclosed or cultivated fields, or uninclosed lands." Neither *Ward v. Railroad,* 91 Mo. 168, nor *Wood v. Railroad,* 39 Mo. App. 63, sustains the view for which counsel contends. The following cases establish this statement to be good and sufficient, under repeated holdings of the supreme court : *Jackson v. Railroad,* 80 Mo. 147 ; *Busby v. Railroad,* 81 Mo. 46 ; *Nicholson v. Railroad,* 82 Mo. 74–5 ; *Morrow v. Railroad,* 82 Mo. 171 ; *Thomas v. Railroad,* 82 Mo. 538 ; *Belcher v. Railroad,* 75 Mo. 514 ; *Young v. Railroad,* 39 Mo. App. 52.

BIGGS, J.—The plaintiff sues under section 2611 of the Revised Statutes, 1889, to recover from the defendant double damages for the killing of his horse, which he claimed had been injured and killed by the engine and cars on the defendant's railroad. The plaintiff recovered judgment in the justice's and circuit courts, and the defendant by successive appeals has brought the case to this court.

The defendant's first complaint is, that the petition is insufficient to support the judgment, and that for this reason its instruction for judgment should have been given. . The cause was tried and submitted to the jury on the following amended petition :

"Plaintiff states that defendant is duly incorporated according to law, and was, at the time of the act hereinafter complained of, engaged in running its trains and locomotives upon its said road from the town of Doniphan, in Ripley county, to the town of Neelyville, in Butler county ; passing through the township of Washington. in said Ripley county ; that. on or about the twenty-fifth day of April, 1889, while running its

said engine and cars through said township of Washington at a point where its said road was not fenced, and not within the limits of any town nor within its switch limits, and where there was no public or private crossing or cattle yards, defendant with its said engine and cars, at the time and place aforesaid, struck, ran over and killed a mare, the property of plaintiff, of the value of $150, which had, at the place aforesaid, got upon said road by reason of the defendant's failure to fence the same as required by law, to plaintiff's damage in the sum of $300, for which he asks judgment as provided for by section 809, Revised Statutes of 1879."

The point is made that the statement fails to allege that the animal came on the track where the defendant's railroad passes through, along or adjoining, inclosed or cultivated fields, or uninclosed land. To constitute a sufficient statement of a cause of action under section 2611, it must be stated directly or inferentially that the animal came on the railroad at a point where the road extended through, along or adjoining inclosed or cultivated fields, or uninclosed lands. The amended complaint in this case does not expressly aver that the animal came upon the track and was killed at a point on the defendant's road where it passed through inclosed or cultivated fields, or uninclosed lands, but it states facts from which it is necessarily inferred. It is averred that the horse came upon the track and was killed at a place not within the limits of any town, nor within the limits of any switch or cattle yards, nor at public or private crossing. These averments are sufficient to negative the idea or inference, that the injury occurred at a point where the law does not impose any obligation on the defendant to fence. *Perriquez v. Railroad*, 78 Mo. 91; *Moreland v. Railroad*, 17 Mo. App. 77; *Morrow v. Railroad*, 82 Mo. 169; *Busby v. Railroad*, 81 Mo. 43; *Nicholson v. Railroad*, 82 Mo. 73. We, therefore, conclude that the objections to the statement are untenable.

The court gave the following instruction of which the defendant complains:

" The court instructs you, gentlemen of the jury, that, if you believe from the evidence in the cause that the plaintiff was the owner of a mare, and that such mare went upon the railroad of defendant at a point on said railroad where the same was not fenced, and while there was struck, run over and killed, by defendant's engine and train of cars, and if you shall further find from the evidence that the place, where said mare went upon the said railroad and was killed, was not at a road crossing, nor within the switch limits of a station, nor within any town or city, you should find a verdict for the plaintiff and make the value of the mare at such sum as the testimony and the cause has established, the same to be not exceeding the sum of $80."

The same objection is made to the instruction as was made to the petition, with the additional objection that the court failed to require the jury to find that the animal was killed in Washington township. The first objection is sufficiently answered by what we have already said in disposing of the second objection. The plaintiff's witnesses stated that the animal was killed at a certain trestle one mile east of the town of Varner, in Washington township. The defendant's witnesses located the accident at the same place, and there was no dispute or intimation that the place where the animal was killed was not in Washington township. Therefore, the assumption by the court in its instructions that the animal was killed in Washington township was not, under the circumstances of this case, reversible error. *Fields v. Railroad*, 80 Mo. 203; *Barr v. Armstrong*, 56 Mo. 577; *Caldwell v. Stephens*, 57 Mo. 589.

The judgment in this case seems to be for the right party. It will, therefore, be affirmed. All the judges concur.