JOHN PLYMELL, Appellant, v. JOSEPH T. MEADOWS, Respondent.

Kansas City Court of Appeals, April 21, 1913.

1. **Watercourses: Dam: Double Damages: Pleading.** In an action to recover damages for erecting a dam across a stream and overflowing plaintiff's lands, he obtained a verdict and sought to have the court to render judgment for double the verdict, under a statute allowing double damages where such dam is erected without the permission of the court of the county. It was *held* that there being no allegation in the petition negativing the court's permission, the damages could not be doubled.

2. ———: ———: ———: ——— **Petition: Statute.** In order to recover double damages under a penal statute it is necessary that the petition state the case within the terms of the statute authorizing them; and a mere reference to the statute together with an allegation that the act complained 'of was unlawfully done, is not sufficient.

Appeal from Daviess Circuit Court.—*Hon. Arch. B. Davis,* Judge.

AFFIRMED.

*John C. Leopard* and *Wilson & Wilson* for appellant.

*Boyd Dudley* and *J. A. Selby* for respondent.

ELLISON, J.—Plaintiff's action is based on section 8750, R. S. 1899 (now Sec. 5477, R. S. 1909), whereby he seeks to recover double damages for obstructing and damming a certain water course in Daviess county. Plaintiff obtained a verdict for ten dollars and he sought to have it doubled by the court. The motion to that effect being overruled and judgment being entered for him for only the amount of the verdict, he appealed to this court.

It appears that defendant offered to allow judgment to go against him for $15.50 and that the offer was not accepted. Therefore, unless plaintiff can succeed in getting the verdict doubled, he will be mulcted with the costs. The determination of the right of the trial court to do this will decide the case. The section of the statute above referred to, reads as follows:

"Any person who shall build or heighten any dam, or any other stoppage or obstruction on or across any watercourse, without first obtaining permission from the court of the proper county, according to law, and shall thereby work any injury to any other person, shall forfeit to the party injured double damages for such injury, to be recovered by civil action.

Defendant insists that the petition is not sufficient to bring plaintiff's case within the statute and that therefore the trial court was right in refusing double damages. The petition sets up plaintiff's ownership of certain lands and that defendant owned a certain other tract adjoining; and that a certain watercourse ran through these lands. That defendant built a dam across the course on his land causing it to overflow onto plaintiff's, etc., etc. It is then alleged "that the said dam or dike was built without authority of law and contrary to the statutes of the State of Missouri as provided in Statute 1899, chapter 131." Further on the petition alleges that the "dam or dike was built without authority of law as above set out, and that it is therefore a public nuisance under the law, and is so declared by section 8752, R. S. 1899." Then, at the close, is this: "And plaintiff says that he is damaged in all in the sum of four hundred dollars, and that by reason of the provisions of section 8750, R. S. 1899, he is entitled to recover double damages for his injury. Wherefore he asks judgment against the defendant for the sum of eight hundred dollars and his costs." It will be observed that the petition does not allege that the dam was built "without first obtaining permission from the court of the proper county, according to law." In other words, it does not negative permission from the court, which permission determines the question of double damages. It alleges a conclusion of the pleader that it was built "without authority of law," and so it may, in various ways, have been a structure not authorized by the law and yet permission of the court may have been given to build it. If such permission was had, there cannot be double damages.

The statute is penal and it is uniformly held that such facts must be alleged as will bring one's case clearly within its terms. This finds many illustrations. Thus, in telegraph cases where there is a pen-

alty for nondelivery of telegrams, and in Bradshaw v. Telegraph Co., 150 Mo. App. 711, the petition alleged a delivery of the message to the defendant's agent at Springfield, but did not say at his office, and it was held insufficient to sustain a judgment for the penalty.

The statute allows double damages for killing stock by railways, occasioned by the failure to fence, and it is held that this provision of the statute must be pleaded to authorize such damages. [Luckie v. Railroad Co., 67 Mo. 245; Sloan v. Railroad, 74 Mo. 47; Bates v. Railroad, 74 Mo. 60; Hudgens v. Railway, 79 Mo. 418; Ward v. Railroad, 91 Mo. 168.]

So the statute allows a penalty for failing to satisfy a mortgage which has been paid, and it was held in Kingston v. Newell, 125 Mo. App. 389, that to inflict the penalty it was necessary to bring the party charged within the letter of its terms, citing Snow v. Bass, 174 Mo. 149, 170.

We have a statute imposing a penalty on railroads carrying passengers, of twenty-five dollars per day, for failing to build passenger rooms at points of intersection with another road. A petition on this statute failed to alleged that both roads at an intersection were carriers of passengers, and it was held the penalty could not be assessed. [State to use, etc., v. Wabash Ry. Co., 83 Mo. 144.]

In certain classes of trespass the statute allows treble damages if the act is done by a person "on land not his own," and of a petition founded on such statute, failing to so allege, WAGNER, J., said: "No facts are stated, which, according to the rules of good pleading, bring the plaintiff's case within the provisions of the statute. The petition is sufficient to give a common law right of action, but is not good under the statute." [Hewitt v. Harvey, 46 Mo. 368.] In Pitt v. Daniel, 82 Mo. App. 168, SMITH, P. J., speaking for this court, said: "No case has been found in this

State wherein a recovery of a penalty has been permitted under this, or any similar statute, where the petition did not state the necessary facts to bring the case within the statute, or where it stated an action at common law and referred only generally to the statute in the prayer thereof. In actions on statutes so highly penal as this, it seems to us that the plain-- tiff in his petition should state the facts bringing his case within the statute and not content himself with the mere statement of a common law trespass and a bare reference generally to the statute. For these reasons we think the petition was insufficient to justify the court in trebling the amount of the general verdict found by the jury.''

To the same effect is O'Bannon v. Railway Co., 106 Mo. App. 316, where the petition averred the trespasses were committed "contrary to the form of the statute," and treble damages were asked, yet it was held that the petition failing to negative "the exonerating situations of the statute" was insufficient.

In Kneale v. Price, 21 Mo. App. 295, the petition attempted to state a statutory cause of action for double damages for failure to maintain a partition fence, and notwithstanding there was a prayer for double damage "as provided in section 5661, R. S. 1879," we held a case was not stated for such damages.

In view of the foregoing, we must hold plaintiff's petition did not justify a judgment for double damages, and the judgment for single damages will therefore be affirmed. All concur.