NANCE v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant*

1. **Railroads**: DOUBLE DAMAGES FOR KILLING CATTLE: PLEADING. Under the statute, (R. S. 1879, § 809,) a railroad company is not liable to the owner of stock killed or injured, unless it get upon the track at a place where the company is by law required to fence; and no statement of the cause of action is good which does not contain such an averment, expressly or impliedly.

2. **Practice in Supreme Court.** Where the petition shows no cause of action, a judgment for the plaintiff will be reversed, although no exception was taken in the court below.

*Appeal from Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

REVERSED.

*George H. Benton* and *Thomas J. Portis* for appellant.

*Louis Wagner* and *B. Zwart* for respondent.

HENRY, J.—This is a suit commenced in a justice's court in Iron county, to recover double damages for stock killed on defendant's road, by a train of cars. Plaintiff had judgment successively in the justice's and in the circuit court, and defendant has appealed to this court, and the only ground upon which a reversal is urged, is that the statement filed before the justice does not contain sufficient facts to constitute a cause of action. It alleges that "defendant by its agents, engines and cars killed one white steer, the property of plaintiff, at a place on its road where the same passes through, along or adjoining uninclosed lands, where defendant failed to construct lawful fences * * and by reason of such failure, against the provisions of the statute made and provided, to plaintiff's damage in the sum of $50."

In *Cecil v. Railroad Co.*, 47 Mo. 246, it was held that on a statement which failed to allege that the stock got on the road through a defect of cattle guard, or in consequence of a failure to fence, plaintiff could not recover, and that decision has never been questioned by this court. The railroad company under the section upon which this action is based, is not liable to the owner of stock killed or injured unless it got upon the track at a place where the company is, by law, required to fence, no matter at what place it may be killed or injured, and no decision of this court can be found in which a statement omitting that averment has been held good. In *Edwards v. Railroad Co.*, 74 Mo. 117, and *Bowen v. Railroad Co.*, 75 Mo. 426, the averments in the

statement were held sufficient to warrant the inference that the stock got upon the track by reason of the failure to fence, but there is no allegation in this statement from which such an inference can be drawn. We are not inclined to be technical in the construction of statements filed with justices in such cases, but they must contain, expressly or by reasonable implication, a statement of the facts which entitle plaintiff to recover.

Nor was the objection out of time. It was made in the circuit court, in a motion in arrest of judgment, and it has been repeatedly held by this court that where the petition shows no cause of action, it will be considered here, although no exceptions were taken in the court below. *State ex rel. v. Griffith*, 63 Mo. 545; *Bateson v. Clark*, 37 Mo. 31.

The judgment is reversed and the cause remanded. All concur.