MOORE v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroads**: KILLING STOCK: STATEMENT. A statement which alleges that the cow was killed at a point where there was no fence, and where by law the railroad company was bound to fence, and that by reason of such failure to fence the cow strayed upon the track and was killed, is sufficient.

2. ——— : ——— : DAMAGES. A railroad company, under the double damage act, (R. S. 1879, § 809,) is not liable to the owner of stock killed or injured on its track, unless it got upon the track at a place where the company is required by law to fence, regardless of where the stock may have been killed or injured.

*Appeal from Daviess Circuit Court.*—HON. J. C. HOWELL, Judge.

REVERSED.

*Wells H. Blodgett* and *Geo. S. Grover* for appellant.

It does not appear from this record that the justice before whom the suit was brought, had any jurisdiction of the cause. If he had not jurisdiction none was conferred upon the circuit court by the appeal and trial *de novo* there. *State v. Metzger*, 26 Mo. 65 ; *Bersch v. Schneider*, 27 Mo. 101 ; *Webb v. Tweedie*, 30 Mo. 488 ; *Hansberger v. Railroad Co.*, 43 Mo. 196 ; *Iba v. Railroad Co.*, 45 Mo. 470 ; *Dillard v. Railroad Co.*, 58 Mo. 69 ; *Haggard v. Railroad Co.*, 63 Mo. 302. The complaint is fatally defective in not alleging that the cow got upon defendant's track at a point where there was no fence, as required by law, and was there killed in consequence of such failure to fence. *Johnson v. Railroad Co.*, 76 Mo. 553 ; *Nance v. Railroad Co.*, 79 Mo. 196. The admission of parol testimony to show that the townships of Benton and Grand River in Daviess county, Missouri, adjoined each other, was a fatal error. There was no such allegation in the complaint. *Buffington v. Railroad Co.*, 64 Mo. 246 ; *Waldheir v. Railroad Co.*, 71 Mo. 514 ; *Edens v. Railroad Co.*, 72 Mo. 212 ; *Price v. Railway Co.*, 72 Mo. 414 ; *Wayland v. Railway Co.*, 75 Mo. 556. The instruction given for plaintiff was erroneous. In the absence of an averment stating where the animal came upon the track, it was error to give this or any other instruction raising this issue, because it was nowhere averred in the statement. *Cecil v. Railroad Co.*, 47 Mo. 246 ; *Luckie v. Railroad Co.*, 67 Mo. 245 ; *Cunningham v. Railroad Co.*, 70 Mo. 202 ; *Johnson v. Railway Co.*, 76 Mo. 553 ; *Nance v. Railroad Co.*, 79 Mo. 196.

*Rush & Alexander* for respondent.

It is not necessary that the statement should show that the suit is brought in the township where the injury happened. It is sufficient if it appear somewhere in the proceedings. *Cummings v. Railway Co.*, 70 Mo. 571 ; *Barnett v. Railroad Co.*, 68 Mo. 57 ; *Iba v. Railroad Co.*, 45 Mo. 469 ;

*Hansberger v. Railroad Co.*, 43 Mo. 196. It was unnecessary for the statement to show that suit was brought in an adjoining township to that in which the injury happened, but it may appear *aliunde*, and proof was offered to show that Benton and Grand River townships adjoined. But aside from such proof the court should take judicial notice of the relative position of the townships of Benton and Grand River. 1 Greenleaf on Ev., (13 Ed.) § 6; *Martin v. Martin*, 57 Me. 366; *Woods v. Henry*, 55 Mo. 560. Plaintiff's statement is sufficient to constitute a cause of action under section 809, article 2, chapter 21, Revised Statutes 1879. *Edwards v. Railroad Co.*, 74 Mo. 117; *Bowen v. Railroad Co.*, 75 Mo. 426; *Belcher v. Railway Co.*, 75 Mo. 514. And plaintiff's instruction, given by the court, correctly declared the law. *Lantz v. Railway Co.*, 54 Mo. 228.

EWING, C.—Suit was commenced by the respondent upon the following statement:

"William H. More, plaintiff, against the Wabash, St. Louis & Pacific Railway Company, defendant.

"Before Henry Ward, justice of the peace within and for Daviess county, Missouri. Plaintiff says that the defendant, at the time of the alleged injury hereinafter mentioned, was and still is a corporation, duly organized and doing business under and by virtue of the laws of Missouri. Plaintiff alleges that on the 14th day of December, A. D., 1880, the defendant did, by its agents, engines, cars and locomotives strike, wound, bruise and kill a cow, the property of the plaintiff of the value of $35, at a point on its road in Grand River township, in Daviess county, Missouri, where there was no railroad, farm or public crossing and where the defendant's road was wholly unfenced, and passed through and along inclosed and cultivated fields, and where the defendant was, by virtue of the statute in such cases made and proved, to-wit: By section 809 of article (2) two of chapter (21) twenty-one, of the Revised Statutes of Missouri, entitled "of private corporations," bound to

make, construct and maintain lawful fences and cattle-guards on or along the sides of its road. And plaintiff says that by reason of the failure of defendant to so construct and maintain said fences and cattle-guards, his cow strayed upon its road and was killed, and that by reason thereof he has been damaged in the sum of $35.

"Wherefore plaintiff by virtue of said statute has the right to recover of defendant, and, therefore, prays judgment for double the amount of said damages, to-wit, seventy dollars ($70)."

There was judgment before the justice for the plaintiff and an appeal to the circuit court, where there was again judgment for plaintiff, and the appellant brings the case here for review

I. It is insisted that the statement is not sufficient upon which to recover, in "not alleging that the cow got upon defendant's track at a point where there was no fence, as required by law, and was then killed, in consequence of such failure to fence. It is alleged that the animal was killed in consequence of such failure to fence, but where it got upon the track is not stated." We think this objection is not well taken. The statement, after alleging that the cow was killed at a point where there was no fence, and where by law the defendant was bound to fence, proceeds: "That by reason of the failure of defendant to so construct and maintain said fences     *     *     his cow strayed upon its road and was killed," etc. This, we think, comes up to the necessary requirements. *Williams v. Mo. Pac. R'y Co.*, 74 Mo. 453; *Terry v. Mo. Pac. R'y Co.*, 77 Mo. 254; *Jackson v. Railroad Co.*, 80 Mo. 147; *Edwards v. K. C., St. J. & C. B. R. R. Co.*, 74 Mo. 117.

II. The court gave, at the request of plaintiff, the following instruction:

1. The plaintiff asks the court to instruct the jury that if they believe from the evidence, that on or about the 14th day of December, 1880, the defendant did by its agents, engines, and locomotives, strike and kill a cow, the property

plaintiff, at a point on their road in Grand River township, in Daviess county, Missouri, where there was no public road or farm crossing, and where defendant's road was wholly unfenced, and where defendant's road passed through and along inclosed or cultivated fields, they must find for plaintiff and assess his damages at what they believe from the evidence was reasonable value of said cow.

This is objected to by the appellant. It is insisted that this instruction is erroneous, because the road is not liable unless the fences were defective at the place where the cow got on the track, and that it is immaterial where she was killed. This objection is well taken. It has been held by this court that it is the place where the animal got on the track, and not where it was killed that fixes the liability of the road. The instruction directs the jury to find for plaintiff, if the cow was killed at a place unfenced, etc; it should have directed them that if she got on the track at a place where the road was not fenced, etc., and hence the instruction is defective and ought not to have been given. In *Nance v. St. L., I. M. & S. R'y Co.*, 79 Mo. 196, Judge Henry says: "The railroad company under the section upon which this action is based, is not liable to the owner of stock killed or injured, unless it *got upon the track* at a place where the company is, by law, required to fence, no matter at what place it may be killed or injured." *Cecil v. Railroad Co.*, 47 Mo. 246. For giving this instruction the judgment is reversed and the cause remanded. All concur.