WILLIAM B. WILSON, Respondent, v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY Co., Appellant.

Kansas City Court of Appeals, June 8, 1885.

1. RAILROADS—DOUBLE DAMAGES FOR KILLING CATTLE—PLEADING— INSUFFICIENT AVERMENT.—Under the statute (sect. 809, Rev. Stat., Mo., 1879), a railroad company is not liable to the owner of stock killed or injured, unless it get upon the track at a place where the company is by law required to fence; and no statement of the cause of action is good which does not contain such an averment expressly or impliedly. Following *Nance v. St. L., I. M. & S. Ry. Co.,* 79 Mo. 196.

2. PRACTICE—METHOD OF OBJECTING TO STATEMENT AND SAVING THE POINT FOR REVIEW.—If objection is made in the court below, that the statement does not state a cause of action which is overruled and excepted to, and motion in arrest is duly filed and overruled, it is entitled to be considered in this court; and it has been held that a motion in arrest alone is sufficient for this purpose, although no exceptions be taken in the court below. *State ex rel., etc., v. Griffith,* 63 Mo. 545; *Bateson v. Clark,* 37 Mo. 31.

APPEAL from Livingston Circuit Court, HON. JAS. M. DAVIS, J.

*Reversed and remanded.*

Statement of case by the court.

This was an action instituted before a justice of the

peace in Livingston county, for the recovery of $75 and double damages thereon for the killing of one yearling colt belonging to plaintiff, on the railroad of defendant, on the 28th day of April, 1881.

There was a judgment by default before the justice for the sum of one hundred and fifty dollars, whereupon the defendant perfected its appeal to the circuit court of Livingston county, Missouri.

The cause was there tried on the 22nd day of May, 1882, upon the following amended statement:

"Plaintiff, for his amended statement, alleges that the defendant was at the time herein stated and still is a corporation duly organized and existing under the laws of the state of Missouri. That on or about the 28th day of April, 1881, plaintiff was the owner of one yearling colt of the value of $75; that on said last date, said colt was killed by an engine and train of cars owned by said defendant and operated by its agents, servants, and employes, at a point in Sampsell township, Livingston county, Missouri, on defendant's line of railroad, where the same passes through and along open and unenclosed lands, where defendant failed to erect and maintain any fences of any kind whatever, and not at the public traveled highway, street crossing, depot station, nor in any city, town, or village. That by reason of defendant's failure to so erect and maintain fences as aforesaid, said colt was killed and the plaintiff damaged in the sum of $75, for which he prays judgment, and that the same may be doubled as provided by statute, and for all proper relief."

It was objected by defendant that the statement did not state a cause of action, and the point was properly made and saved by motion in arrest, which, being overruled, defendant brings the case here by appeal.

GEO. S. GROVER, for the appellant.

I. The complaint fails to state a cause of action under section 809 of the statute. It is not shown by the pleadings where the animal came upon the track; this is

an essential averment. The *place where* the animal *came upon the track*, not where it is killed, measures the defendant's liability. *Nance v. St. L., I. M. & S. Ry. Co.,* 79 Mo. 196; *Moore v. Wabash, etc., Ry.,* Sup. Ct. Mo., not yet reported.

II. There was no proof that the animal was killed either in the township in which the suit was brought, or in the adjoining one. This is a jurisdictional fact and without proof of it plaintiff can not recover. *State v. Metzger,* 26 Mo. 65; *Iba v. R. R.,* 45 Mo. 469; *Hazzard v. R. R.,* 63 Mo. 302; *Barnett v. R. R.,* 68 Mo. 56.

III. The injury, occurring as it did, according to all the witnesses, upon a crossing, the plaintiff was not entitled to recover under *section 809. Sullivan v. H. & St. Jo. R. R.,* 72 Mo. 195. And it makes no difference whether the crossing in question was regularly laid· out across the railroad or not. There was a *de facto* crossing there, and this fact is sufficient to bar the action under that section. *Phelps v. R. R.,* 51 Mo. 477; *Luckie v. C. & A. R. R.,* Sup. Ct. Mo., not yet reported.

IV. The instructions given for plaintiff, were erroneous in submitting to the jury facts not in evidence; in not submitting the real issues involved, and submitting such as were not involved. This is of itself reversible error. *Ely v. R. R.,* 77 Mo. 36; *Ellis v. Wabash, etc., Ry. Co.,* 17 Mo. App. 126.

No brief on file for respondent.

Opinion by Ellison, J.

The statement is fatally defective. There is an allegation as to where the animal was killed, but none as to where it strayed upon the track. The point where it strayed on the track is the essential allegation. This must be directly averred, or the statement must be such as to warrant the inference. This case falls directly under that of *Nance v. St. L., I. M. & S. Ry. Co.* (79 Mo. 196).

The judgment is reversed and the cause remanded. All concur.