WARD v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant*.

Railroad: DOUBLE DAMAGES FOR KILLING STOCK: STATEMENT. A statement before a justice of the peace, in an action on Revised Statutes, section 809, against a railroad for double damages for killing stock, is insufficient which fails to allege that the stock

entered upon the track at a point where the same passes through, along, or adjoining inclosed or cultivated fields or uninclosed lands, where, by law, the railroad is required to fence.

*Appeal from Scott Circuit Court.*—Hon. J. D. Foster, Judge.

Reversed.

*Smith, Silver & Brown* and *Thos. J. Portis* for appellant.

(1) There is error apparent upon the face of the record in that the statement does not allege that the plaintiff's animals got upon the defendant's railroad track at a point where it was, by law, required to erect and maintain a fence, nor does it allege that plaintiff's said animals got on defendant's railroad track where the same passes through, along, or adjoining inclosed or cultivated fields, or that the killing took place at any such point. *Manz v. Railroad*, 87 Mo. 278; *Morrow v. Railroad*, 82 Mo. 169; *Asher v. Railroad*, 79 Mo. 432; *Schultz v. Railroad*, 76 Mo. 324; *Hudgens v. Railroad*, 79 Mo. 418; *Nance v. Railroad*, 79 Mo. 196; *Moore v. Railroad*, 81 Mo. 499; *Davis v. Railroad*, 65 Mo. 411; *Bates v. Railroad*, 74 Mo. 60. And it is immaterial at what point the animals were struck and killed by the locomotives and cars of defendant. *Dryden v. Railroad*, 79 Mo. 525; *Cecil v. Railroad*, 47 Mo. 246; *Lucky v. Railroad*, 67 Mo. 245. Nor does the statement negative the fact that the killing occurred within the limits of an incorporated town, or at the crossing of a public highway, where the law does not allow the erection of a fence by defendant. *Rowland v. Railroad*, 73 Mo. 619; *Campbell v. Railroad*, 78 Mo. 639; *Manz v. Railroad*, 87 Mo. 278. (2) As the appeal from the judgment of the justice of the peace was not taken on the day it was rendered, and no notice of the appeal was given, and the

appellee did not enter his appearance on or before the second day of the term of the circuit court, to which the appeal was returnable, the circuit court erred in proceeding at the said return term of said appeal to hear said cause and render judgment against defendant. R. S., sec. 3056; *Hawly v. Railroad*, 80 Mo. 540; *Noy v. Railroad*, 51 Mo. 575; *Blake v. Downey*, 51 Mo. 437; *Transier v. Railroad*, 54 Mo. 189; *Blakely v. Railroad*, 79 Mo. 342. The defendant limited its appearance to the filing of the motion to set aside the verdict of the circuit court, and hence nothing was waived.

RAY, J.—This was a suit for damages, under section 809, Revised Statutes, 1879, for the killing of two steers, and a sow, the property of plaintiff, by the locomotives and cars of the defendant. Suit was commenced, before a justice of the peace in Scott county, where plaintiff had judgment by default for double the value of the stock killed. Afterwards, in due time, defendant filed its motion to set aside said judgment, which the justice overruled, and the defendant appealed to the circuit court. At the return term of the circuit court, when the case was reached, the defendant was called, and not appearing to prosecute said appeal, the plaintiff, by the judgment of the circuit court, had judgment against the defendant and its securities in the appeal bond, for the amount appearing to have been found and assessed by the justice of the peace, whereupon the defendant filed its motions for new trial and in arrest, which, being overruled by the court, the defendant appealed to this court.

The material part of plaintiff's statement of cause of action, filed before the justice is as follows: "Plaintiff further states that the places on the railroad track of defendant, where the alleged injuries were received and the damage done, were on the lower portion of section 93 in said township and county, on the track of defend-

ant, where no fences, as the law requires, were erected, maintained, and kept up, sufficient to prevent stock and cattle from getting on the railroad track of defendant, and that, in many places at and near where the damage complained of was done, the fencing was down, and in many places there was no fence, and the railroad track unguarded, with nothing to keep off or prevent stock from getting on the track of defendant."

It will be perceived that this statement speaks only of the places where the alleged injuries were received and the damage done; but nowhere alleges that the stock in question got on defendant's railway track at a point where the company was, by law, required to erect and maintain fences ; nor does it allege that plaintiff's stock got on defendant's railroad track where the same passes through, along, or adjoining inclosed or cultivated fields, or uninclosed lands, where, by law, it is required to fence ; and, under all the decisions of this court on that question, the statement, in the absence of such allegations must be held fatally defective and insufficient. *Asher v. Railroad*, 79 Mo. 432; *Manz v. Railroad*, 87 Mo. 278; *Morrow v. Railroad*, 82 Mo. 169; *Schultze v. Railroad*, 76 Mo. 324; *Hudgens v. Railroad*, 79 Mo. 418 ; *Nance v. Railroad*, 79 Mo. 196 ; *Davis v. Railroad*, 65 Mo. 441 ; *Cecil v. Railroad*, 47 Mo. 246.

When the case goes back for new trial, as it must, this defect in the statement, if the facts justify, can be cured by a proper amendment of the statement in this regard.

For these reasons, the judgment is reversed and the cause remanded. All concur.