DAVID C. HENSON, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, March 5, 1889.**

1. **Pleading : STATEMENT.** Where the plaintiff's statement, under section 809, Revised Statutes, does not in clear and explicit terms charge that the animal killed came upon the right of way at a place where it was the defendant's duty to fence, but contains that averment by fair intendment sufficient to make it good after verdict, and no objection of insufficiency was offered at the trial, an objection to the statement on that account cannot be sustained on appeal.

2. **Instructions: STOCK KILLED ON RAILROAD.** In an action under section 809, Revised Statutes, for the killing of the plaintiff's colt on the defendant's railroad track, an instruction which hypothetically states, as an element of the defendant's liability, that the animal was killed at a point where it was the duty of the defendant to maintain a lawful fence on the sides of its road, but omits the necessary condition that the animal strayed upon the track at such a point, not fenced, is erroneous. An instruction also given, to the effect that, if there was a lawful fence and the colt got upon the track by jumping over it, the verdict should be for the defendant, does not cure the error.

*Appeal from the Wayne Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*George H. Benton,* for the appellant.

The instruction given at the request of the plaintiff was erroneous because it confined the attention of the jury to the place where the colt was killed in determining the question of defendant's liability, when the point where the colt came on the track determines the right to

recover in this action. *Moore v. Railway*, 81 Mo. 497; *Granis v. Railway*, 54 Mo. 240; *Vance v. Railway*, 79 Mo. 196; *Cecil v. Railway*, 47 Mo. 246. The demurrer to the whole evidence should have been sustained. The petition failed to state facts sufficient to entitle plaintiff to recover, because it nowhere states that the colt got on to the railroad track and was killed by defendant's failure to fence. *Morse v. Railway*, 81 Mo. 497.

*William N. Nalle*, for the respondent.

Respondent's complaint, or petition, excludes, in general terms, and specifically, every hypothesis, except the one that the colt got on the railroad at a point where appellant had failed to erect and maintain lawful fences, as was its duty, under the statute, at the place, to do, and in so failing to do its duty, the colt was killed where there was no fence. *Moore v. Railroad*, 81 Mo. 499; *Field v. Railroad*, 80 Mo. 203. The complaint alleges the duty of appellant to fence at the places, and then uses this expression : "That whilst defendant so neglected and failed to do and perform its duty aforesaid," and, also, this: "That defendant wholly failed and neglected to so erect and maintain such lawful fences at said time and places." This complaint is good in form under the rigid rule applied in the following cases : *Rowland v. Railroad*, 73 Mo. 619; *Manz v. Railroad*, 87 Mo. 278. The proofs made a *prima-facie* case for respondent, and at no stage of the trial ought the trial court to have given the appellant's instruction in the nature of a demurrer. *Lenz v. Railroad*, 54 Mo. 228; *Walther v. Railroad*, 55 Mo. 271; *Asher v. Railroad*, 89 Mo. 116; *Williams v. Railroad*, 74 Mo. 453; *Moore v. Railroad*, 73 Mo. 438; *Ins. Co. v. Hauck*, 83 Mo. 21.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action to recover double damages under the provisions of section 809 of the Revised Statutes.

The plaintiff is the assignee of one Malloy, whose colt was struck and maimed by the defendant's locomotive at a place where the defendant was under statutory obligation to fence. On the trial before a jury the plaintiff recovered judgment. The errors assigned are that the plaintiff's statement fails to state a cause of action, and that the court gave an erroneous instruction for plaintiff.

The plaintiff's statement which is lengthy, does not in clear and explicit terms charge that the colt came upon the railroad right of way at a place where it was defendant's duty to fence. No objection was made to the sufficiency of the statement at the trial, so as to give the plaintiff an opportunity to amend. We think the statement does by fair intendment contain this necessary averment sufficiently to make it good after verdict, under the authority of *Fields v. Railway*, 80 Mo. 205, and *Moore v. Railway*, 81 Mo. 502, and hence will rule this point against the appellant.

The facts as shown by the evidence as far as the same bear on the other error assigned may be summarized as follows : The defendant's road which runs from north to south, crosses a stream on a trestle several hundred feet in length. On the north side of this stream and trestle, and west of the railroad, is the Malloy pasture, the eastern fence of which is the railroad fence. South of the stream and trestle the road runs through open, uninclosed fields, and the railroad has no fence. The last time the colt was seen in an uninjured condition by any one, it was in the Malloy pasture. How it got out of the pasture and upon the track rests on mere inference. When it was next seen it was south of the trestle and badly maimed. There was some evidence indicating that it got upon the track north of the trestle, and that the railroad fence on the eastern side of the Malloy pasture was sufficient in height. There was also some evidence that this fence was sufficient, and that

the colt got on the track south of the stream and trestle, where there was no inclosure.

The court, upon the plaintiff's request, instructed the jury as follows :

The court instructs the jury that if they believe from the evidence, that the defendant on or about the time and place alleged by the plaintiff in his petition, to-wit: On or about July 1, 1887, at or near McKenzie bridge in Benton township, in Wayne county, killed the colt, in said complaint described, after the said colt had strayed to and gotten upon the railroad of the defendant, by then and there striking the said colt with its engine and cars, and by then and there having it killed by its agents, and that defendant so struck and killed said colt at the said place, it being along the line of its said road where it was the duty of defendant to erect and maintain a lawful fence on the sides thereof, which duty the defendant had neglected and failed to perform, in so keeping and maintaining a lawful fence at said place, it being where the said road passed through, along or adjoining inclosed or cultivated fields or inclosed lands, and not within the limits of any incorporated city, town or village, nor within any switch limits, nor along the crossing of a public highway or at any other place set apart for the public use ; that said colt was then and there the property of James W. Malloy who afterwards sold his claim to plaintiff, the damages so occasioned by defendant and his right of action therefor, then the jury should find their verdict for the plaintiff, and, if they do so find, then the jury should assess, as damages, such sum as they may believe from the evidence was sustained by said Malloy at said time and place by said killing of the said colt not to exceed the amount claimed by defendant ( plaintiff ? ), to-wit, sixty dollars.

It will be seen by reading this instruction that it wholly omits to call the attention of the jury to the main fact on which defendant's liability under the

decisions depends, namely that the animal *strayed upon the right of way* at some point where it was defendant's duty to fence, and where it had failed to maintain a lawful fence. It makes the defendant's liability depend upon the fact that the animal was *killed or maimed* at a place, where it was defendant's duty to fence.

This was unquestionably error, and whether it was reversible error must depend on the fact, whether the error was cured or made harmless by the following instruction which the court gave on behalf of the defendant.

"The court declares it to be the law that, if the jury find from the evidence that at the point where the colt got on to defendant's right of way, defendant had constructed a fence four feet and four inches high, this height was a sufficient compliance with the law requiring the height of a fence to be four feet and a half, provided you believe the fence so built by defendant was sufficient to prevent horses, cattle, mules and all other animals from getting on the railroad, and if you further believe that the colt got on to the railroad by jumping over the fence in question and was killed by one of defendant's trains, your verdict should be for the defendant."

An instruction in itself erroneous cannot be cured by another, but where it covers only part of a case it may be supplied by another, provided there is no contradiction. That was decided in *Goetz v. Railroad*, 50 Mo. 473. It was decided in the same case that the fact that an erroneous instruction given for plaintiff is contradicted by one on defendant's behalf, tends rather to confuse than to enlighten the jury. This court properly said in *State v. Nauert*, 2 Mo. App. 298, that a contradiction between two instructions, so far from correcting the evils of either, multiplies them in both.

On the other hand it was decided in *Muelhausen v. Railroad*, 91 Mo. 346, that a failure to embrace all the

issues in one instruction is not error if they are all embraced in the series of instructions given, and they as a whole are correct, and not contradictory nor calculated to mislead. The proper question for our consideration therefore is, which of the two tests above stated, if either, is appli cable to the instructions in this case.

If the court in defendant's instruction had told the jury, that in order to find for plaintiff they were bound to find that the horse got upon the right of way at some point where it was not inclosed by a lawful fence, the instruction might well be regarded as supplementary to plaintiff's instruction, and as curing any omission therein. The court, however, even in the instruction given at the instance of defendant, made a verdict in defendant's favor dependent upon the finding of the jury of the double fact that Malloy's pasture, where it abutted on the right of way, was fenced by the defendant with a fence sufficient to turn horses, etc., and that the colt jumped over that fence, and left in all other respects the defendent liable if the colt was killed anywhere on the defendant's track at a place uninclosed by a lawful fence.

It will thus be seen that while there is no direct contradiction between plaintiff's and defendant's instructions, the plaintiff's instruction fails to embrace all the issues, and fails to state the issues correctly, and is not helped by the defendant's instruction.

In *Vaughn v. Railroad*, decided at the present term, we affirmed a judgment notwithstanding a similar vice in an instruction. There, however, the only reasonable inference, which could be drawn from the evidence, was that the animal had strayed upon the right of way where it was not fenced, hence the error was harmless. In this case the evidence admits of the reasonable inference that the animal came upon the right of way where the defendant had a lawful fence.

Error is presumed to be prejudicial, and it is incumbent upon the party who claims an affirmance of a judgment where error has intervened at the trial, to show that the error was harmless. In view of the fact that the plaintiff's statement likewise fails to make a distinct charge, that the animal came upon the right of way where the defendant was bound to fence, and failed to maintain a lawful fence, the error in omitting this element in the instruction was emphasized, and was under the state of the evidence, necessarily prejudicial.

As the case will have to be retried, we suggest that the plaintiff have leave to so amend his statement, as to charge distinctly that the animal came upon the right of way, where the defendant was under legal obligation to fence, and failed to maintain a lawful fence.

Reversed and remanded. All the judges concur.