J. M. WOOD, Respondent, v. KANSAS CITY, FORT SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 21, 1890

1. **Railroads:** KILLING STOCK: STATEMENT OF CAUSE OF ACTION. A statement of a cause of action, under Revised Statutes, 1879, section 809, for double damages for the killing of stock by a railroad company is fatally defective, if it fails to show that the stock came upon, or was killed on, the railroad track at a place where the railroad company was required by statute to fence.

2.  **Practice, Trial:** AMENDMENT OF STATEMENT OF CAUSE OF ACTION. Such statement may be amended, if the facts warrant the amendment.

*Appeal from the Howell Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED AND REMANDED.

*Wallace Pratt* and *Olden & Green,* for the appellant.

It was not shown by competent proof that Willow Springs township and Hutton Valley township are adjoining townships. The townships were created by order of the county court entered of record. R. S. 1879, secs. 7426, 7427. Oral testimony was therefore incompetent, and there was no evidence of the fact in question, except the oral testimony of the clerk of the county court. Nor was there any evidence that W. W. Tucker was a justice of either township. These being jurisdictional facts, they must affirmatively appear. The evidence was also defective because it was not shown where the mare got upon the track. *Nance v. Railroad,* 79 Mo. 196; *Wilson v. Railroad,* 18 Mo. App. 258. And the statement of plaintiff's cause of action is fatally defective because it does not allege that she got upon the track at a point at which the defendant was required to fence. *Word v. Railroad,* 91 Mo. 168; *Asbur v. Railroad,* 79 Mo. 432; *Mantz v. Railroad,* 87 Mo. 169.

*Livingston & Winningham,* for the respondent.

This is not a case where the question of an adjoining or next adjoining land-owner arises. The evidence shows that the mare was killed at a point where defendant's road runs through unenclosed lands. The case of *Ferris v. Railroad,* 30 Mo. App. 122, has no application whatever to the case at bar. R. S. Hogan, county clerk, testified that Hutton Valley and Willow Springs

townships adjoin. This is sufficient evidence of the fact, but if it were not the best evidence of the fact the question cannot now be considered, because no exceptions were saved at the time to the action of the court in allowing such testimony. The transcript of the justice and all the papers and proceedings therein show that W. W. Tucker (the justice before whom the case was tried) was a justice of the peace in Hutton Valley township. This court will look to the record to ascertain the fact. *Fields v. Railroad*, 82 Mo. 203. The evidence shows that the mare was killed at a point where the railroad runs through unenclosed lands, and where it was not fenced. It is true that there is no proof as to where the animal got on the track, but this is unnecessary, as the law presumes, in the absence of proof to the contrary, that it got on the track where it was killed. *Lantz v. Railroad*, 54 Mo. 228; *Walther v. Railroad*, 55 Mo. 271.

ROMBAUER, P. J., delivered the opinion of the court.

This is a penal action to recover double damages for the killing of plaintiff's horse by defendant's locomotive under the provisions of section 809 of the Revised Statutes of 1879. . The plaintiff's statement, on which the cause was tried, is as follows:

"Plaintiff states that the defendant is a railroad corporation, duly incorporated under, and by virtue of, the laws of the state of Missouri; that the defendant was, on the twenty-eighth day of June last, and is now, running and operating a railroad through Willow Springs township, in the said county of Howell; that Hutton Valley township adjoins the said township of Willow Springs. That on the twenty-eighth day of June, 1888, in the said township of Willow Springs, one mare, the property of plaintiff, got on the railroad track of defendant and was run over and killed by defendant's cars, then and there being run and operated

by the agents, servants and employes of defendant.
That the said mare was run over and killed in conse-
quence of the neglect and failure of the defendant to
erect and maintain fences along said railroad, as the
law requires defendant so to do; that said mare was of
the value of seventy-five dollars. Plaintiff, therefore,
prays judgment for one hundred and fifty dollars,
double the value of said mare.''

Upon the trial the defendant objected to the intro-
duction of any evidence, because the statement failed
to state a cause of action. The objection was renewed
by motion in arrest after judgment against the defend-
ant, and the ruling of the court, in adjudging the state-
ment sufficient, is assigned for error in this court.

Under the ruling of the supreme court in *Ward v.
Railroad*, 91 Mo. 168, which is the last controlling
decision of that court on the subject, we must hold that
the statement is fatally defective. It avers neither that
the animal came upon the track, nor that it was killed
at a place where the railroad passes through, along or
adjoining enclosed or cultivated fields or unenclosed
lands. It does not even contain a reference to the
section of the statute, which, in *Jackson v. Railroad*,
80 Mo. 147, was held sufficient, after verdict, to cure a
defective averment of this character, the review in that
case being one on the record proper only

Other points, made in appellant's brief, we have
decided adversely to appellant in *Young v. Railroad*,
*ante*, p. 52, and need not review again. Under the ruling
in *Mantz v. Railroad*, 87 Mo. 281, the plaintiff may
amend his statement in the circuit court prior to a
retrial of the cause, if the facts will warrant his so
doing.

All the judges concurring, the judgment will be
reversed, and the cause remanded.