GEORGE W. JONES, Respondent, v. THE ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 10, 1891.

1. **Railroads: KILLING STOCK: SUFFICIENCY OF STATEMENT.** The statement in an action for statutory damages for the killing of stock by a railway company must allege that the stock came upon the railroad track at a place where the company was under a legal obligation to erect and maintain fences, and was injured owing to the company's failure to observe this obligation. But, where this appears from the statement by reasonable inference, a judgment against the company will be upheld.

2. ———: ———: SUFFICIENCY OF THE EVIDENCE. The evidence showed that there were two points in the fence at which the stock sued for could have entered upon the railroad tracks, but did not positively or in any direct manner show at which of these two places the entry had actually been made. *Held* that, under the evidence, it was for the jury to determine the point of actual entry.

*Appeal from the Wayne Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*Henry G. Herbel,* for appellant.

The petition is defective in not containing the necessary jurisdictional allegations. *Nance v. Railroad,* 79 Mo. 197 ; *Brassfield v. Patton,* 32 Mo. App. 577 ; *Johnson v. Railroad,* 76 Mo. 553 ; *Snider v. Railroad,* 73

Mo. 465; *Cecil v. Railroad*, 47 Mo. 246; *Rowland v. Railroad*, 73 Mo. 619.

*W. T. Leeper*, for respondent.

ROMBAUER, P. J.—This is an action to recover double damages for the killing of plaintiff's cow by the defendant's locomotive. The plaintiff recovered judgment. The defendant, appealing, challenges in the first instance the sufficiency of the statement, which, after averring that the killing occurred in Spring township, Wayne county, negatives the fact that it occurred at any place where the railroad company was under no obligation to fence. The part of the statement, upon which the question now presented arises, is as follows:

"Plaintiff further states, that, at the place on said railroad where the said cow was killed, the railroad was not fenced on its sides with fences having gates and cattle-guards sufficient to keep horses, mules, cattle and other animals off of said railroad, and, at the place where said cow was killed, the said railroad passes through uninclosed and uncultivated lands, and that the said cow strayed and went upon said railroad, and was killed by reason of the same not being fenced with sufficient fences, gates and cattle-guards to keep stock off of the same."

It is the law of this state that the place where the animal comes upon the track, and not the place where it is killed, determines the liability of the railroad company in this class of actions ( *Cecil v. Railroad*, 47 Mo. 246; *Johnson v. Railroad*, 76 Mo. 553; *Nance v. Railroad*, 79 Mo. 196 ), and that the statement in such cases must allege that the animal came upon the track at some place, where the railroad company was under a legal obligation to erect and maintain fences, and was injured owing to the company's failure so to do. But, where this fact appears from the statement by reasonable inference, the judgment will be upheld. *Edwards v. Railroad*, 74 Mo. 117; *Bowen v. Railroad*, 75 Mo.

426.   Taking the statement in this case as a whole, and it is reasonably inferable that the pleader intended to charge that the animal strayed and went upon the road, where the same was not sufficiently fenced, and where the company was legally bound to fence, and that the injury was the result of such failure.

The plaintiff's evidence tended to show that the cow was struck by a locomotive at a point upon the road, where it was sufficiently fenced on both sides, but that, at some distance from that place, there were gaps in the fence, where it joined the bluff, such gaps being wide enough to permit cattle to pass through; that he saw cattle tracks through one of these gaps, but that he did not track his cow to the gap, and could not positively say where she got on the right of way.   Evidence offered on the part of the defendant corroborated this testimony, a number of defendant's witnesses stating that the fence was sufficient where the cow was found, but that these gaps existed at some distance from that place; that one of these gaps had existed for fifteen months or more, and that cattle did pass through this gap.

The defendant's section foreman testified that he examined the fence after the accident, and that, a short distance from where the cow was lying, he discovered the top wire and plank of the fence broken, and that this breach *seemed recent* and that there were tracks of *some kind of stock* there.   On this point, however, he was not corroborated by any other of the defendant's witnesses.

The defendant asked the following instructions, which the court refused :

"1.   The court declares it to be the law that, under the pleading and whole evidence, the plaintiff is not entitled to recover.

"2.   The court declares it to be the law that, if you believe from the evidence that the cow in question came

onto the track at a point in defendant's fence, where the wire and plank of said fence had been broken either at the time the cow got in there or shortly before, and without any knowledge of said breach by the employes of said section, or a reasonable time after knowledge of said breach to repair the same, by the exercise of ordinary diligence, then your verdict must be for the defendant.

"3. The court instructs you that, if you believe from the evidence that there were two or more places in the fence along defendant's railroad through which the cow may, in your opinion, have come onto the track of the defendant, and you are in doubt as to the exact point where the animal came onto the track, and the plaintiff has failed to satisfy your minds, by a preponderance of the evidence, where the cow came onto the track, you are not at liberty to guess that the defendant is liable, and refuse to believe that the cow came through the place where the plank and wire were broken, without any liability or negligence of the defendant, and your verdict must be for the defendant."

There was evidence, as above seen, to take the case to the jury, and as we decided the statement was sufficient, it results that the first instruction was properly refused. The second instruction was given in substance by the court of its own motion in somewhat different phraseology, to which, however, as far as applicable to the facts of this case, we see no substantial objection. The third instruction was properly refused, because there were, as shown by the evidence of both parties, a number of gaps in the fence, within convenient distance of the place where the cow was found, through either of which she might have come upon the track. To require the plaintiff under these circumstances to prove the exact point where an animal came through would render a recovery impossible, however apparent it might be that the company was derelict in its duty to fence, and that the injury was due to such neglect. Nor do we

Newland College v. Borck.

take it to be the law that the jury can be instructed that they are bound to believe, or are not at liberty to disbelieve, one theory supported by evidence, when opposed to another theory likewise so supported. In this case the plaintiff's theory was that the cow came through one of the gaps, where she could enter without hindrance, and where, as the defendant's own evidence shows, cattle did enter. The facts, on which this theory rested, were shown not only by the plaintiff's witnesses, but also by several witnesses of the defendant. The defendant's theory was that the cow entered where the plank was broken, because this breach seemed recent, and because there were tracks of some kind of stock there, it not being shown whether these tracks were cattle tracks and whether they led into or out of the defendant's right of way. The jury were at liberty to find either of these theories to be the correct one.

Other points made are discussed and disposed of in the case of Foster against the same defendant, *ante*, p. 11.

Judgment affirmed. All the judges concur.