WELLINGTON WARDEN, Respondent, v. MISSOURI, KANSAS
& TEXAS RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 20, 1899.**

1. **Justices' Courts**: JURISDICTION: PRESUMPTIONS. Facts giving
jurisdiction to justices of the peace must affirmatively appear in the
record since no presumption attends such proceedings as they do in
courts of general jurisdiction.

2. ———: RAILROADS: KILLING STOCK: JURISDICTION. To give a justice
jurisdiction in an action against a railroad for killing stock, it must
not only be alleged that the stock was killed in the township of the
justice, or an adjoining township, but it must appear by the proof at
the trial that the injury happened in the township as alleged.

3. **Railroads**: KILLING STOCK:. EVIDENCE: VALUE. Testimony in regard
to the value of the animals killed should be confined to such value in
the vicinity where the killing occurred and not at some distant market.

4. ———: ———: FENCES: PUBLIC CROSSINGS. Where an animal strays
on the railroad track by reason of a defective fence, the company is
liable for injury by reason thereof, though the animal passes on to
and is injured at a public crossing.

*Appeal from the Johnson Circuit Court.*—HON. W. W.
WOOD, Judge.

REVERSED AND REMANDED.

GEO. P. B. JACKSON for appellant.

(1)   The court erred in admitting the evidence relative
to the value of horses in Kansas City.   The inquiry should
have been restricted to the value in the neighborhood where
the horses were owned and injured.   (2)   This suit having
been commenced, as to both counts, on the theory that the
causes of action arose under section 2611 of the Revised
Statutes and the judgment reciting that it was based upon

said section, the plaintiff was not entitled to recover, because it was established that the injuries to the stock complained of occurred upon a public road. This was contrary to the allegations of the petition. The section of the statute relied upon does not authorize a recovery for a collision with or without injury to live stock at public road crossings. (3) The allegations of the petition as to both counts were that the plaintiff's animals were injured in Rose Hill township. There is no proof of this last allegation to the effect that the animals were killed in Rose Hill township. Briggs v. Railroad, 111 Mo. 168; Mitchell v. Railroad, 82 Mo. 106; Backenstoe v. Railroad, 86 Mo. 492; Nickerson v. Eddy, 50 Mo. App. 569; Mier v. Railroad, 56 Mo. App. 655.

BOTSFORD, DEATHERAGE & YOUNG and J. P. ORR and S. T. WHITE for respondent.

(1) Appellant's counsel cites no authority or decision of any court to the effect that this evidence of the value of these horses of plaintiff in the market at Kansas City was not proper to be considered by the jury in this case in arriving at the value forty or fifty miles away of the same horses. We do not think any authority or adjudication can be found. The fact that no authority is cited by the industrious counsel of appellant is the best evidence that there are no such adjudications or decisions. Anderson v. Frank, 45 Mo. App. 482. (2) If plaintiff's mares and colt got upon defendant's track from plaintiff's pastures by reason of defendant's failure to maintain fences, then we submit defendant is liable, no matter at what point on defendant's track plaintiff's mares and colt were injured and killed. Witthouse v. Railway, 64 Mo. 523-525; Snider v. Railway, 73 Mo. 465-469; Nance v. Railway, 79 Mo. 196; Johnson v. Railway, 76 Mo. 553; Jones v. Railway, 44 Mo. App. 15. (3) The jurisdictional facts that the animals specified in the first and second counts of plaintiff's statement before the justice of the peace were

injured in Rose Hill township, and that said Rose Hill township adjoins the township of Madison in which the suit was brought, were all stated fully and carefully in the statement before the justice, and the averment of those facts in the statement, gave the justice before whom the suit was brought, jurisdiction to hear the case. Appellant's counsel makes the point that jurisdiction in this class of cases can not be waived, and in support of that proposition the case of Abernathy v. Moore, 83 Mo. 65, is cited. That was a case where jurisdiction by attachment in a probate court was sought to be maintained. But that is not the case at bar. Real Estate Co. v. Lindell, 133 Mo. 386-395; Byler v. Jones, 79 Mo. 261.

GILL, J.—This suit was brought before a justice of the peace of Madison township in Johnson county. The object of the action was to recover double damages for killing and injuring certain stock belonging to plaintiff, which escaped from his premises onto defendant's track at a point where the same was not fenced as the statute requires.

The complaint filed with the justice alleged that the animals were run over and killed or injured within the limits of Rose Hill township in said county, and it was admitted at the trial that said Rose Hill township joined Madison township. But there was no admission or evidence whatever that the injuries occurred in said Rose Hill township. Defendant's counsel then make the point that the record fails to show that the justice before whom the action was commenced had jurisdiction of the subject-matter, and that therefore the trial court should have sustained defendant's demurrer to the evidence.

JUSTICES' courts: jurisdiction: presumptions.

There is no escape from this position. It is the settled law of this state that the facts giving jurisdiction to justices of the peace must affirmatively appear in the record. No presumptions attend such proceedings, as they do in courts

of general jurisdiction. As has been well said: "Nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears to be so, and nothing shall be intended to be *within* the jurisdiction of an inferior court of special and limited jurisdiction but that which is expressly alleged to be so." Murfree's Justices' Prac., sec. 109.

In order now to entitle the justice of Madison township to try and determine a complaint for stock alleged to have been killed or injured by the defendant in Rose Hill township it must not only be shown that said township adjoins said Madison township, but it must also be established by proof at the trial that the injury happened in said Rose Hill township. The statute has definitely provided that such actions "shall be brought before a justice of the peace of the township in which the injury happened, or in any adjoining township." R. S. 1889, sec. 6126. The subject-matter of this controversy then can not be deemed as within the jurisdiction of the justice who tried the case without proof that such injuries were committed either in the township where the suit was brought or in said adjoining township. Bank v. Doak, 75 Mo. App. 332, and authorities cited; Briggs v. Railway, 111 Mo. 168. And it is plain also from these and other authorities that might be cited, that the absence of such jurisdictional facts can not be deemed as waived by the defendant going to trial and submitting the case without objection. Real Estate Co. v. Lindell, 133 Mo. 386, does not apply. That case originated and was tried in the circuit court where it seems the strict rules as to acquiring jurisdiction do not obtain to the same extent as in justices' courts.

II. Since the case must go back for a new trial we deem it proper to notice other questions raised in the briefs:

*—: railroads: killing stock: jurisdiction.*

(a)    The trial court erred in permitting plaintiff to introduce evidence as to the value of the horses at Kansas City. The testimony should have been confined to the value in the vicinity where the stock was owned and killed or injured.

RAILROADS: killing stock: evidence: value.

(b)    It seems that the horses were kept in plaintiff's pasture through which defendant's road ran and that the right of way was not fenced. According to plaintiff's evidence one of the mares got upon the track at a point where it was unfenced and passed east until she reached the crossing of a public road and here she was struck by a passing locomotive and badly injured. On this state of facts, defendant's counsel contends that defendant is not liable for double damages under the statute for the injuries done to this animal at the crossing of the public highway.

——: ——: fences: public crossing.

This contention, it seems to us, is opposed, not only by the statute (R. S. 1889, sec. 2611), but by the decisions of our courts. The statute requires the railroad corporation to erect and maintain lawful fences along the sides of its road where it passes through such inclosures as the one in question, and until this shall be done makes the company liable for double the amount of all damages done by its engines or cars by reason of any horses, etc., escaping from said inclosures onto said right of way, and occasioned by the failure to construct and maintain such fences. It has been repeatedly held in this state that it is immaterial where along the line of the road the stock may be run over and killed, the corporation is responsible under the statute if the animal comes from such inclosures onto the track at a point where the statute requires the road to be fenced, but is not fenced. Snider v. Railway, 73 Mo. 465; Nance v. Railway, 79 Mo. 196; Cecil v. Railway, 47 Mo. 246; Jones v. Railway, 44 Mo. App. 15; Witthouse v. Railroad, 64 Mo. 523.

In the last cited case the syllabus expresses the uniform holding: "When stock get upon the track of a railway company in consequence of the failure of the corporation to fence its track as required by statute, the road is liable regardless of the question at what point on the track the stock was killed." And this is the rule "though the killing occur at a point where the company is not required to fence." Snider v. Railway, *supra*. In Cecil v. Railroad, *supra,* an Illinois case is quoted from where it was said: "The place where it (the animal) got upon the track is the precise thing to be considered. It was to prevent animals from straying upon the track that the company was required to build the fences. Whether after once getting upon the track, through the negligence of the company, they wandered to a road crossing before being struck by the locomotive, is wholly immaterial."

In our opinion then, the defendant is liable in double damages for the injuries done the mare at the public road crossing provided she strayed upon the track where the statute required it to be fenced and passed along the same till she reached the point of collision. The failure to fence the track was manifestly the *occasion or cause* of the plaintiff's loss. If the track had been fenced, as it should have been, the mare would not have been injured.

For the reasons however set out in the first paragraph of this opinion, the judgment must be reversed and the cause will be remanded, so that plaintiff may supply, if he can, the omission of proof relating to the matter of jurisdiction. The other judges concur.